### IN THE

# 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔊𝔢𝔬𝔯𝔤𝔦𝔞,

## AT ATLANTA.

## JULY TERM, 1875.

PRESENT—HIRAM WARNER, CHIEF JUSTICE.
*L. E. BLECKLEY,  } JUDGES.
JAMES JACKSON,  }

WILLIAM B. ALLEN, plaintiff in error, *vs.* THE ATLANTA STREET RAILROAD COMPANY, defendant in error.

1. A father cannot maintain an action for damages on account of the homicide of his infant child, who was, at the time of his death, incapable of rendering him any service.

2. Where an action is brought by a father against a railroad company for damages sustained by reason of the homicide of his child, and the *tort* complained of, *prima facie*, amounts to a felony, he must allege in his declaration that he has prosecuted the agent of the company on the criminal side of the court, or set forth a good excuse for his failure to do so.

Parent and child. *Torts.* Damages. Before Judge HOPKINS. Fulton Superior Court. April Term, 1875.

Reported in the decision.

S. B. SPENCER; P. L. MYNATT, for plaintiff in error.

---

*In the vacation following the January term, 1875, Judges McCAY and TRIPPE resigned. They were respectively succeeded by Judges BLECKLEY and JACKSON.

CANDLER & THOMSON; A. W. HAMMOND & SON, for defendant.

.WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for killing his male child of the age of two years. The plaintiff alleges in his declaration, that the defendant, by means of the carelessness and negligence of its agents, in the management of its street railway cars, ran against, struck down, ran over, and crushed the body of his said child, whilst in the act of crossing Marietta street, a public street in the city of Atlanta, without blame or fault on the part of said child, whereby the said child died thirteen days after the infliction of said injury by the defendant. The plaintiff also alleges that his child was sound and healthy, and that the services of his said child would have become, at an early day, of great value to him, to-wit: the sum of $3,000 for services *to be rendered* by his said child, until he had attained the age of twenty-one years, of which, the plaintiff alleges, he has been deprived by the negligence and carelessness of the defendant. The defendant demurred to the plaintiff's declaration on the ground that no legal cause of action was alleged therein which would entitle the plaintiff to recover the damages which he claimed. The court sustained the demurrer and the plaintiff excepted.

1. In the case of the *Georgia Railroad Company vs. Wynn*, 42 *Georgia Reports*, 331, it was held that the 2971st section of the Code, providing for the recovery of damages for physical injuries, limited the right of recovery to a widow, or if no widow, then to the .child or children, for the homicide of the husband or parent. The damages claimed in this case, are not for the homicide of a husband or parent. The plaintiff, however, insists that he does not claim damages for the *homicide* of his child, but for the loss of the services which his child would have rendered him until twenty-one years of age, if he had not been killed by the .defendant, or its agents, as alleged

in his declaration. The 2960th section of the Code declares that " every person may recoyer for *torts* committed to himself, or his wife, or his child, or his ward, or his servant." This section of the Code as to the relative rights of parent and child, master and servant, etc., should be construed in the light of the common law of force in this state, for it is not to be presumed that the legislature intended to alter or change the common law in relation to the relative rights of parent and child, master and servant, and the remedies provided for the maintenance and enforcement of the same, unless it has done so in express terms, or by *necessary* implication. Therefore, under this section of the Code, every person in this state may recover damages for *torts* committed to himself, or his wife, or his child, or his ward, or his servant, as he was authorized to do by the common law, except when the alleged *tort* is for any violent injury, or attempt to commit a physical injury illegally upon a person ; if such injury amounts to a felony as defined by the Code, then, the person injured, must either simultaneously, or concurrently, or previously, prosecute for the same, or allege a good excuse for the failure so to prosecute : Code, section 2970. This section of the Code alters the common law so far as to allow the injured party to recover damages for the *tort* in cases of felony, provided he will prosecute for the same on the criminal side of the court as specified therein. The object of this section is to prevent the injured party from condoning the offense against the public for mere pecuniary considerations in the shape of damages, in cases of felony. By the common law, to entitle the parent to recover damages for a *tort* done to his child, the gist of the action is the loss of the services of the child by the parent. In *Shields vs. Yonge,* 15 *Georgia Reports,* 356, this principle of the common law was fully recognized. In that case the court say, " may a father treat his minor son as his servant, and sue for an injury to the son as for an injury to a servant? If the son be old enough to render service, the father may," citing authorities in support of that proposition which sustain it. In that case, the son was eighteen years of age, and capable of

rendering service. In the case now before us, the child was but two years old and incapable of rendering any service at the time the alleged *tort* was committed, of which the parent complains as an injury to his *relative rights* as such parent. No decision was cited on the argument based on the principles of the common law, which would authorize a parent to recover damages for a *tort* done to his child who was incapable of rendering him any service at the time of the alleged injury, and we apprehend none can be cited, inasmuch as the foundation of the action by the parent is the loss of the present service of his child when the injury was done, and not alone for his prospective service to be rendered in the future.

2. There is another ground on which the demurrer to the plaintiff's declaration might well have been sustained. The *tort* complained of in the plaintiff's declaration, *prima facie*, amounts to a felony, and the plaintiff should have alleged in his declaration that he had prosecuted the agent of the defendant on the criminal side of the court for the alleged injury to his son, or alleged a good excuse why he had not done so, as required by the 2970th section of the Code. The most effectual manner to protect children in the streets of the city of Atlanta from the negligence and carelessness of the defendant's agents in running its street cars, is to prosecute those of its agents who may be guilty of such negligence and carelessness on the criminal side of the court, and have them punished therefor, and it was a duty which the plaintiff owed to the public to have prosecuted the defendant's agent for the injury done to his child, if the allegations in his declaration be true. The law will not allow him to sue for and recover pecuniary damages for the injury until he has performed his duty to the public by prosecuting the guilty party, or alleged a sufficient excuse for not having done so. In any view which we have been enabled to take of this case, the demurrer to the plaintiff's declaration was properly sustained.

Let the judgment of the court below be affirmed.