CATHARINE W. CHICK, plaintiff in error, *vs.* THE SOUTH-WESTERN RAILROAD COMPANY, defendant in error.

(JACKSON, Judge, having been of counsel, did not preside in this case.)

1. Where plaintiff's declaration claimed damages for the loss of services of her minor son, who was injured on defendant's road, the further allegation, by way of showing the aggravated nature of the *tort*, that death resulted from such injuries, does not change the nature of the action so as to make it a suit for the homicide of the son. For the former she could recover; for the latter she could not.

2. Where the statement of facts in the declaration amounted to a *prima facie* case of felony on the part of defendant's agents, and there was no allegation either that any prosecution had been instituted therefor or that there was good cause for the failure so to do, a demurrer to such declaration was properly sustained.

*Torts.* Damages. Railroads. Practice in the Superior Court. Before Judge HILL. Houston Superior Court. November Term, 1875.

Reported in the decision.

WOOTEN & SIMMONS; A. O. BACON, for plaintiff in error.

R. F. LYON; A. R. LAWTON, for defendant.

WARNER, Chief Justice.

The plaintiff brought her action against the defendant to recover damages for the loss of the services of her minor son, John W. Chick, who, she alleges, was being carried on defendant's road as an express messenger from the city of Macon to the city of Columbus, and whilst being so carried, was, on the 23d day of October, 1873, by the carelessness, negligence and fault of said defendant, and without fault or negligence on his part, by a *collision of its trains* running on the defendant's road, wounded, bruised, and injured in and upon the head, producing a fracture of his skull, and in and upon other parts of his body, of which said wounds, bruises, and injuries, the said John W. Chick then and there lingered until the 27th of October, 1873, when he died ; that her son was of the age of twenty years, and his services were due to her as the sole surviving parent, and were of the annual value of $1,000 00 ; that she has been compelled to pay out and expend the sum of $200 00 for medical services and attention during his last illness, etc. The defendant demurred generally to the plaintiff's declaration. The court sustained the demurrer on the ground that no one in this state can bring suit for damages sustained by a homicide but the persons named in the 2971st section of the Code ; whereupon the plaintiff excepted.

1. According to the ruling of this court in *Shields vs. Yonge*, 15 *Georgia Reports,* 349, the reason given by the court below for sustaining the demurrer to the plaintiff's declaration was not a good legal reason, in view of the allegations contained therein. The plaintiff did not seek to recover damages for the homicide of her son as provided by the 2971st section of the Code. The plaintiff sought to recover damages for a *tort* committed by the defendant to her minor son, under the provisions of the 2960th section of the Code, and because she alleged that her son died from that *tort*, so committed by the defendant, by way of aggravation, it does not follow that her action was brought for the homicide of her son, under the provisions of the 2971st section. That section of the Code

gives the right of action to the persons therein named to re-
cover for the homicide of a husband or parent, and that is all
that it does declare in relation to a recovery for the homicide
of anybody. The homicide of a husband or parent is made
by the statute a special cause of action in favor of the persons
therein named, and is limited to them, as was held by this
court in the *Georgia Railroad Company vs. Wynn*, 42 *Geor-
gia Reports*, 331. In that case, there was a *special* demurrer
to the plaintiff's declaration on two grounds, one of which was:
"Because a husband cannot recover damages for the death
of his wife." The distinct question presented by the special
demurrer in that case, and decided by the court, was whether
a husband could recover damages for the death or homicide of
his wife under the provisions of the 2971st section of the
Code, and it was held that he could not, and that was the
only question decided in that case in relation to the plaintiff's
right to recover under that section. The case now before the
court is not an action brought by the plaintiff to recover dam-
ages for the homicide of anybody under the provisions of the
2971st section, but it is an action brought by the plaintiff to
recover damages for the loss of the services of her son in con-
sequence of an alleged *tort* committed by the defendant, as
provided by the 2960th section of the Code. The fact that
the plaintiff alleges in her declaration that her son died in
consequence of the *tort* committed by the defendant by way of
showing the aggravated character of that *tort*, does not make
it an action to recover for the homicide of her son under the
provisions of the 2971st section. The foundation of the plain-
tiff's action in this case is to recover damages for the loss of
the services of her son, under 'the provisions of the 2960th
section, and not to recover under the 2971st section of the
Code for the homicide of her son, and her right to do so is
authorized by the decision of this court in *Shields vs. Yonge*,
before cited, on complying with the requirements contained
in the 2970th section of the Code, inasmuch as the *tort* com-
plained of in the plaintiff's declaration was such an act of
criminal negligence on the part of the defendant and its agents

as, *prima facie*, at least, amounts to a felony : See *Allen vs. Atlanta Street Railroad Company*, 54 *Georgia Reports*, 503. It will be noticed that the decision in the case of *Shields vs. Yonge* was made prior to the adoption of the Code, in which the 2970th section is now incorporated as a part of the prescribed law of the state. The homicide of the plaintiff's son by the defendant and its agents, was undoubtedly a *tort,* in the general sense of that term, but it was not that class of *torts* contemplated by the 2960th section, under which this action was brought. The *torts* contemplated by the 2960th section, are that class of *torts* for which damages could have been recovered at common law for loss of service of the wife, child, ward, or servant. The 2971st section gives to certain persons therein named the right to recover for the homicide of a husband or parent, without regard to the loss of service as a cause or foundation for the action. In other words, the statute gives to certain described persons the absolute independent right to recover for the homicide of a husband or parent, which did not exist at common law without alleging any loss of service.

2. Although the plaintiff has not brought her action to recover for the homicide of her son, still it appears on the face of her declaration that the death of her son resulted from the *tort* of which she complains, thereby showing a statement of facts which *prima facie* amounts to a felony on the part of the defendant's agents, and inasmuch as there is no allegation that any prosecution has been instituted against them or any excuse for failing to do so, as required by the 2970th section of the Code, and the demurrer being general to the entire declaration, we affirm the judgment of the court below sustaining the defendant's general demurrer, with leave to the plaintiff to amend her declaration if she shall think proper to do so.

Judgment affirmed.