McDOWELL *vs.* THE GEORGIA RAILROAD.

A father cannot recover for the homicide of his minor daughter, but may recover for the loss of her services to the time of her majority.

Torts. Damages. Parent and child. Actions. Before Judge CLARK. City Court of Atlanta. December Term, 1877.

Reported in the decision.

HOPKINS & GLENN; M. DE GRAFFENREID; W. L. CALHOUN, for plaintiff in error.

N. J. HAMMOND; HENRY HILLYER, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against defendant to recover damages for an alleged injury done to his daughter, eighteen years of age, by the careless and negligent running of its locomotive and tender on its railroad track at the crossing thereof in the city of Atlanta, whereby the plaintiff alleges that his said daughter was run over, crushed, bruised, and mutilated, by means whereof she died, living one-half hour from the time she received said injury; that the plaintiff's said daughter was unmarried and was of great pecuniary service and advantage to him, to wit: the sum of three thousand dollars a year. The plaintiff also alleged, that prior to bringing this suit, to wit: at the October term of this court, 1874, a bill of indictment was preferred against Joseph Bennett, the engineer who had charge of the locomotive and tender which ran over and killed the said plaintiff's daughter, Lizzie, charging him with the crime of murder, and that the grand jury, after investigation, found "no bill," for which reason plaintiff has not prosecuted Bennett further. To this declaration the defendant filed a general demurrer, which was sustained by the court and the plaintiff's case dismissed; whereupon the plaintiff excepted.

The age of legal majority in this state is twenty-one years; until that age all persons are minors. Code, §1791. Until majority, the child remains under the control of the father, who is entitled to his services and the proceeds of his labor. Code, 1793. This case comes within the ruling of this court in *Chick vs. Southwestern Railroad Company*, 57th *Ga. Rep.*, 357, which was based on the unanimous opinion of the court in *Shields vs. Young*, 15 *Ga. Rep.*, 349, and must control it. The plaintiff's daughter was of

sufficient age to have performed service at the time of the injury, and he was entitled to her service until she became twenty-one years of age. The plaintiff is not entitled to recover damages for the *homicide* of his daughter under the 2971st section of the Code, but is entitled to recover damages for the loss of the services of his daughter, assuming that she was his child, from the time of the alleged injury until she would have been twenty-one years of age, under the provisions of the 2960th section, the plaintiff having alleged a good excuse for his failure to prosecute as required by the 2970th section of the Code. The court erred in sustaining the demurrer to the plaintiff's declaration, and in dismissing the same. Let the judgment of the court below be reversed.