F. G. EVANSICH, JR., BY NEXT FRIEND, v. THE G., C. & S. F. R'Y CO.

(Case No. 4475.)

1. FACT CASE — NEGLIGENCE. — See opinion for facts stated in the petition which were held sufficient to render a railway company liable in damages for injuries inflicted upon a child while it was playing on a railway turn-table.

2. DAMAGES — NEGLIGENCE, — An action may be maintained by a parent for the loss of his child's services during minority, and for all necessary expenses and losses incurred in attention to it while sick from an injury caused by the negligence of another, and this notwithstanding an action may be maintained in behalf of the child for such injury as results in personal damage to himself.

APPEAL from Washington.  Tried below before the Hon. I. B. McFarlane.

The opinion states the case.

*F. G. Jodon*, for appellant.

I. There is a cause of action set up in plaintiff's first amended original petition, and the general demurrer should not have been sustained.  H. & T. C. R. R. *v.* Sympkins, S. C. Tex., 4 Tex. L. J., 566; Hamilton *v.* S. A. R. R. Co., S. C. Tex., 4 Tex. L. J., 533; Lynch *v.* Nurdin, 2 Thomp. Neg., 1140; Railroad *v.* Stout, 17 Wall., 657 [Turn-Table case]; Keefe *v.* Milwaukee & St. Paul R'y Co., 21 Minn., 207, reported also in 18 Am. Rep., 393 [Turn-Table case]; Kansas Cent. R'y Co. *v.* Fitzsimmons, 22 Kans., 686, also in 31 Am. Rep., 203, with note [Turn-Table case]; Koons *v.* St. Louis & Iron Mt. R. R., 65 Mo., 592 [Turn-Table case]; Robinson *v.* Cone, 22 Vt., 213, also in 2 Thomp. Neg., 1129.

II. That the injuries were caused by the joint negligence of the defendant and a stranger is no defense; and unless the person whose fault is relied upon as an excuse was subject to the direction of the plaintiff, or had him under control, the stranger's fault cannot be charged upon the plaintiff.  The proximate cause of the injury was defendant's negligence in leaving a dangerous instrument exposed; and the fact that other children put it in motion will not bar a recovery.  H. & T. C. R'y Co. *v.* Sympkins, S. C. Tex., 4 Tex. L. J., 566; Railroad Co. *v.* Stout, 17 Wall., 657; Shear. & Redf. on Neg., 2d ed., sec. 10, note 2; sec. 27, note 1; secs. 46, 594–596; 2 Thomp. Neg. [Lynch *v.* Nurdin], 1140; id., 1129, Robinson *v.* Cone; Keefe *v.* Milwaukee & St. Paul R'y Co., 21 Minn., 207, also in 18 Am. Rep., 393; Kansas Cent. R'y Co. *v.* Fitzsimmons, 22 Kans., 686, also in 31 Am. Rep., 203, with note; Clark *v.* Chambers, 7 Cent. L. J., p. 11 [English High Court of Justice, Queen's Bench Div., April 15, 1878]; Lehigh Valley R. R. *v.* McKeen, 90 Pa. St., 122, also in 35 Am. Rep., 614.

*Hume & Shepard*, for appellee.— The court did not err in sustaining the demurrer, because it appeared from the petition that the turn-table was situated upon the property of defendant, and was at rest; that the boy was a trespasser to whom the defendant owed no duty; that he was hurt by reason of his own improper conduct, and not through any culpable act of defendant.  McAlpin *v.* Powell, 70 N. Y., 126; Railroad Company *v.* Bell, 81 Ill., 76; Railroad Company *v.* Henigh, 26 or 27 Kans. (10 C. L. J., 208); Cauley *v.*

Railroad Company (Sup. Ct. Pa., 1880), 11 Reporter, 67; Smith v. Hestonville R. Co., 92 Pa. St., 450; Morrissey v. East R. Co., 126 Mass., 377; Lyons v. Brookline, 119 Mass., 491; Tigh v. Lowell, id., 472; Wright v. Malden R. Co., 4 Allen, 283; Callahan v. Bean, 9 Allen, 401; Victory v. Baker, 67 N. Y., 366; Hartfield v. Roper, 21 Wend., 615; Wood v. Ind. School Dist., 44 Iowa, 27; Honor v. Albrighton, 93 Pa. St., 475; Hughes v. McFie, 2 Hurl. & Colt., 744; Mangan & Atherton, L. R., 1 Exch., 238; S. C., 4 Hurl. & Colt., 388; Gautret v. Egerton, L. R., 2 C. P., 370; Stone v. Jackson, 32 Eng. L. & Eq., 349; Willsinson v. Fairre, 1 Hurl. & Colt., 633; Lygo v. Newbold, 24 Eng. L. & Eq., 507.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by appellant against the appellee to recover actual damages for expenses incurred by him for medical bills, medicines, nursing, and loss of time during the confinement of his infant son, alleged to have been caused by injuries received by the child while playing upon a turn-table owned by the appellee, and situated in the city of Brenham, in a public place near a public street. The situation of the turn-table in reference to plaintiff's residence; its public position; its dangerous structure; that children were accustomed to play on the turntable; that servants of appellee knew that fact; that it was unguarded, unenclosed, and in no way fastened; that without his consent or knowledge, and contrary to his orders, the child went to the turn-table and was there seriously injured while playing thereon with other children (the nature and character of the injury being given); that in consequence of the injury received by the child he was compelled to employ a physician, purchase medicines, spend time in nursing the child, and incur other expenses and suffer other losses (the expense of all of which was stated), were alleged.

Demurrers were filed to the petition, which in substance set up that the petition was insufficient, because it appeared therefrom that the turn-table was upon the premises of the appellee; that the child was a trespasser, and that he was hurt by his own improper act. The demurrers were sustained and the cause dismissed.

The facts stated in the petition showed that the child was injured by the negligence of the appellee, under such circumstances as to render it liable for damages to the father and also to the child. Railroad Company v. Stout, 17 Wall., 660; K. C. R'y Co. v. Fitzsimmons, 22 Kans., 687; Koons v. St. Louis, etc., R. R., 65 Mo., 592; Keefe v. Milwaukee, etc., Railway Co., 21 Minn., 207.

The petition also negatived negligence upon the part of the plaint-

iff, and alleged want of discretion in the child, which was only seven years of age.

The plaintiff may maintain an action for the loss of the services of his child during minority, and for all necessary expenses and losses incurred in its attention while sick from an injury caused by the negligence of another, notwithstanding an action may be maintained in behalf of the child for such injury as gives personal damage to himself. R. R. *v.* Miller, 49 Tex., 322; Wood's Master and Servant, sec. 227; 2 Thomp. on Neg., 1260.

For the error of the court in sustaining the demurrer to the petition, the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 19, 1882.]