## THE CENTRAL RAILROAD vs. HARRISON.

Where the rule of a railroad company provided that, while a coupler was between the cars, the train should not be put in motion, a coupler so engaged had the right to presume that it would not be moved, and that he could pass between the projecting beams of the cars, which he could have done if the train had not been moved; and if, while so passing out, under a signal given by another servant of the company, the engineer backed the train, and the coupler was caught between the projecting beams and crushed to death, if he were a minor, his father could recover for the loss of his services; and a recovery would not be prevented by the fact that the deceased might have passed under the beams in safety by stooping. .

October 21, 1884.

Railroads. Damages. Negligence. Master and Servant. Before Judge SIMMONS Bibb Superior Court. October Term, 1883.

To the report contained in the decision, it is only necessary to add that the deceased was alleged to have been eighteen years and four months old at the time of his death; and that the jury found for the plaintiff $500.00. Defendant moved for a new trial, which was refused, and it excepted.

LYON & GRESHAM, for plaintiff in error.

BACON & RUTHERFORD, for efendant.

BLANDFORD. Justice.

The defendant sued the plaintiff in error for the homicide of his son, who was a minor, *per quod servitium amisit.*

It appears that plaintiff's son was employed by the Central Railroad to couple and uncouple cars, and it was shown that there was a rule of the company that, when the person so employed was engaged in coupling cars and while between the cars, the cars were not to be put in motion until the person so engaged had passed out from between the cars. While plaintiff's son was passing out from between the cars, and before he had passed out, the engineer, from a signal of another servant of the company, backed the train of cars, when he was caught between the projecting beams of the cars and crushed to death. If deceased had stooped, he could have passed under in safety.

The plaintiff in error contends that the injury occurred by the fault of deceased, and that he is not without fault. It was shown that, if the cars had not been put in motion, deceased could have passed out in safety. The rule of the company being that, while the coupler was between the cars, the train should not be put in motion, the deceased had the right to suppose that it would not be moved and that he could pass between the beams, which it was shown he could have done if the train had not been moved, We cannot see wherein deceased was at fault; it was as safe to pass through or between the projecting beams of the cars as it was to pass under the same, if the cars had not been put in motion. Who was at fault? Clearly, from the proofs submitted, the servant which caused the train to be put in motion was at fault; and we cannot see how the deceased was in any fault whatever. Under the facts of this case, we are satisfied with the finding of the jury, and that there were no material errors committed on the trial by the court below.

Let the judgment be affirmed.