BELL *vs.* THE CENTRAL RAILROAD.

In order for a parent to recover for the homicide of a minor child, it must be alleged and shown that such homicide resulted in loss to the parent of the services of such child. Where a declaration merely alleged that the minor child of the plaintiff had been killed by the carelessness and negligence of the agents of a railroad company, whereby the plaintiff was damaged, no cause of action was set out; there was nothing to amend by; and an amendment, alleging that the services of plaintiff's child were of a stated value to her per annum, and by reason of the homicide of the son by the defendant, she was deprived of his services, and was thereby damaged, was properly refused.

(*a.*) Where a cause of action is set forth, a defective declaration may be amended in matter of form or substance.

November 11, 1884.

Parent and Child. Amendment. Actions. Homicide. Before Judge SIMMONS. Bibb Superior Court. April Term, 1884.

Reported in the decision.

W. H. WYLLY; LANIER & ANDERSON, for plaintiff in error.

LYON & GRESHAM, for defendant.

BLANDFORD, Justice.

The plaintiff's declaration alleged that the defendant, by the carelessness and negligence of its agents, killed her son, who was a minor, whereby she was damaged. The plaintiff proposed to amend this declaration by adding thereto that the services of her son were of such a value to her per annum, and by this homicide by defendant of her son, she was deprived of his services, and was thereby endamaged.

The defendant objected to this amendment, upon the ground that the declaration set forth no substantial cause

of action, and could not be amended. The court sustained this objection and refused the amendment, and the declaration being demurred to because the same contained no cause of action against defendant, this demurrer was sustained, and the case dismissed, and these rulings of the court constitute the errors complained of here.

Unless the declaration set forth a cause of action,—that is, made a case in court, then there was not enough to amend by. Code, §§3479, 3480.

The section 2971 of the Code allows the widow, or children, if no widow, to recover for the homicide of the husband. or father, but does not authorize a parent to recover for the homicide of a child. By the section 2960 of the Code, it is provided that every person, for torts committed to himself, his wife, his child, his ward or his servant, may recover. This is but declaratory of the common law; it must be averred that such torts resulted in loss to the plaintiff of the services of such wife, child, ward or servant, and that by such torts. It is quite manifest that the declaration in this case set forth no cause of action, because it failed to allege that, by reason of the tort of defendant, plaintiff lost the services of her child. This was a fatal defect, so much so as to constitute no cause of action, and therefore there was not enough set forth in the declaration to amend by. A defective declaration, where there is a cause of action set forth, may be amended in matter of form or substance. 8 *Ga.*, 61; 57 *Id.*, 357; 69 *Id.*, 827; 49 *Id.*, 106; 56 *Id.*, 185.

The amendment proposed would have made a good cause of action; without it there was no cause of action set out in the declaration. It therefore results that the decision and judgment of the court below must be affirmed.

Judgment affirmed.