Smith *et al. v.* The East and West Railroad of Ala.

The action being by a mother against a railroad company for causing the death of her minor son, and the declaration counting apparently on the homicide, and not on the loss of service, as the grievance to be redressed, and there being no claim of right in the mother to the son's service or to recover hire for the same, the court below was justifiable in treating the declaration as not amendable, and in dismissing the action.

January 8, 1890.

Actions. Pleadings. Amendments. Railroads. Before Judge Maddox. Polk superior court. February term, 1889.

Action for damages by Lucy Smith and her husband, for the homicide of her minor son by a former marriage, by the negligent running of the railroad train, on which the deceased was employed as coupler, brakeman, etc. The material parts of the declaration are fully set out in the opinion. The plaintiffs offered to amend by alleging that the value of their son's labor and services was, at and before the time of his death, about $25 per month, and that said hire and services belonged to plaintiffs and were their property and right, and they were by his death deprived of the same and the fruits thereof ever afterwards. To the disallowance of this amendment, and to the dismissal of the action on motion of defendant, the plaintiffs excepted.

J. B. Conyers and E. N. Broyles, for plaintiffs.

Ivy F. Thompson, by brief, for defendant.

Bleckley, Chief Justice.

The most that can be said against the judgment of the court below is that it is somewhat doubtful. The error, if any committed, is not so apparent as to justify a reversal of the judgment. Certainly the fair and natural construction of the declaration is that it sought a recovery, not for loss of service due to the mother

from her minor son, but, for the homicide of the son, as a cause of action. It is only upon this theory that much of the contents of the declaration can be accounted for. "Your petitioner, Lucy Smith, shows that the death of her said son, untimely and sudden as it was, was a very great shock to her, and her mental anguish and suffering was very great indeed when she learned that her said son could be with her no more alive on this earth. Your petitioner, as well as her present husband, are now growing old, and they hoped to be able to raise said son to be a useful man, and that he would be able from his earnings to take care of and support your petitioners in their declining years, but these anticipations have been blighted by his sudden death, as aforesaid. . . . . Your petitioners allege that the death of said William Smith, caused by the gross carelessness and reckless and criminal negligence of defendant, as aforesaid, is the way in which your petitioners have been damaged in the sum of twenty thousand dollars, aforesaid." It seems to us that the natural import of this language is that the grievance complained of is not the loss of service, but the loss of the son. All that was said in the declaration touching service was this: "Your petitioner's said son had been employed on said Cherokee railroad for some considerable time in all, and was faithful to his duty; was worth at best twenty-five or thirty dollars per month for hire." There was nothing said as to whether he was married or single; as to whether he was a member of the mother's family, or as to who was entitled to his hire or his services. Surely, if the action had been intended as one to recover for loss of service, these matters, or some of them, would have been set forth, especially as the mother was no longer a widow, but had married again. Under such circumstances she might, or might not, have been entitled to the services

of her minor son up to the time of his majority. We think there is no presumption of law that she was so entitled, and that it was incumbent upon her counsel to allege it in the declaration in order to make the loss of service the ground of the action. In *Chick* v. *Southwestern Railroad*, 57 *Ga.* 357, the distinction is clearly drawn between an action by the mother for the homicide of a son, and an action for loss of service resulting from such homicide. The former is not maintainable; the latter is. In *East Tenn. & Ga. R. R.* v. *Maloy*, 77 *Ga.* 237, the declaration contained the following: "Petitioner shows that her said minor son, Thomas Alexander Maloy, was twenty years of age at the time of his injuries and death aforesaid, and his services were due to petitioner as his mother, and he was supporting her, as well as three other minor children; and his father, the said husband of petitioner, was, and is, living separate from petitioner, and was, and is, not now supporting her or her said minor children. Petitioner further shows that the services of her said minor son, Thomas Alexander Maloy, were worth the annual value of six hundred dollars, and by reason of his injuries and homicide aforesaid, by said railroad company, and the loss of his services caused thereby, and expenses resulting therefrom for medical services, etc., petitioner was damaged one thousand dollars." Under these allegations, and proof to support them, this court held that the mother could recover for the homicide of her son; meaning, of course, for the loss of his service resulting from that homicide, according to the distinction laid down in *Chick's* case, above cited. The amendment proposed in the present case did not allege the mother's right to the service of her son, but a joint right in her and her present husband. But even had it alleged a several right in her, the disallowance of it was justified by the ruling in *Bell* v. *Central Railroad*,

73 *Ga.* 520, there being no cause of action embodied in the original declaration.

Correct pleading, under the liberal system prevailing in Georgia, is so easy of accomplishment, that we are not disposed to construe ambiguities and apparent irrelevancies in favor of the pleader rather than against him, especially where the presiding judge has applied that ancient rule that pleadings are to be taken most strongly against, rather than most favorably for, the pleader.                    *Judgment affirmed.*