## FRAZIER *v.* GEORGIA RAILROAD & BANKING CO.

1. In an action brought by the father of a minor son capable of rendering service, for the negligent homicide of the latter, he is entitled in a proper case to recover per quod servitium amisit.

2. While to recover it is necessary to show both the negligent homicide and loss of service, the latter, being the source of damage as to the father, is the gravamen or gist of the action, and the rights of the parties are to be established by the law applicable under such circumstances in the relation of master and servant.

3. The master has a property right in the services of his servant, and a loss of service is in legal effect a damage to his personal estate; and the law

limiting the time in which actions to recover for injuries to personalty may be brought, limits the right of action in such a case.

Argued April 14, — Decided May 7, 1897.

Action for damages. Before Judge Reese. Taliaferro superior court. February term, 1896.

This action was brought on November 20, 1895, by Aleck Frazier against the railroad company, to recover for the loss of the services of his minor child, Willie Frazier, aged fourteen years, as well as expenses, resulting from the homicide of said minor by the company, alleged to have been caused on January 7, 1892. Defendant demurred on the ground that the action was brought more than two years after the tort complained of, and that the declaration sets forth no cause of action. The demurrer was sustained, and plaintiff excepted.

The declaration alleges, that plaintiff was entitled, during the minority of Willie Frazier, to his services, the same being those of an assistant about the house and farm and of an ordinary farm-laborer, of the yearly value of $150 over and above all expenses; that on January 7, 1892, Willie Frazier became a passenger upon defendant's train to be transported to his destination at Robinson and there permitted safely to alight; that when he attempted to leave the train at Robinson, defendant's employee and agent known as a train-hand caught hold of the boy and refused him the liberty of alighting and leaving the train, though he piteously begged to be allowed to do so, but held him upon the train until it attained a speed of 30 miles an hour; that the conductor in charge of the train, being intoxicated at the time, approached plaintiff's son as he stood upon the platform of the car, and after angry and violent demonstrations towards his fellow-passenger, greatly frightened said Willie, who was unaccustomed to railway travelling and had seldom been away from home and was poorly developed mentally, pushed and kicked said Willie, and by his angry words and menacing gestures caused said Willie to leap from the train at said high rate of speed, whereby said Willie's neck was broken and death ensued.

*Samuel H. Sibley,* for plaintiff.

*Joseph B. & Bryan Cumming* and *M. P. Reese,* for defendant.

LITTLE, J.  1. An examination of the record shows that the demurrer filed was based upon two grounds: (1) that the tort complained of did not occur within two years next preceding the bringing of the plaintiff's suit; and (2) because the declaration sets forth no valid legal cause of action against the defendant. The only question, however, which we find it necessary to decide here is that of the statute of limitations. This involves the inquiry only, whether the action instituted by the plaintiff is for injuries done to the person and to be brought within two years after the right of action accrues, under section 3900 of the Civil Code; or whether it should be treated as an action for injuries to personalty, as claimed by the plaintiff, and therefore not barred until four years after the right of action accrues.

The petition is filed by the father, alleging the wrongful homicide of his son, aged 14 years, by the servants and agents of the defendant engaged in the running and operation of *its* trains. It may be well to consider, in the determination of this question, the basis of the father's right to recover when he shall have made out a proper case. Section 3816 of the Civil Code provides that every person may recover for torts committed to himself, or his wife, or his child, or his ward, or his servant. This section is simply declaratory of the common law. *Bell* v. *Central Railroad,* 73 *Ga.* 520. At common law, the parent's right to recover is by legal fiction predicated upon the relation of master and servant. Wood's Master and Servant, p. 449, and authorities cited under note 3; Cooley on Torts (2d ed.), p. 268; 1 Jaggard on Torts, pp. 451, 461, and authorities cited in note 23. The action is at common law limited to the recovery of damages for loss of the child's services. Cooley on Torts, p. 268, and authorities cited in note 4; 5 East, 45; 6 East, 391; 11 East, 23; Sir T. Raym. 259; 1 Jaggard on Torts, p. 451; Wood's Master and Servant, pp. 444, 445, quoting from Lord Coke and citing authorities at footnote 1. The decisions of our court are in entire harmony with the principles of the common law on this subject. *Bell.* v. *Central R. R.,* 73 *Ga.* 520, supra; *Central R. R.* v. *Harrison,* 73 *Ga.* 744; *Shields* v. *Yonge,* 15 *Ga.* 356; *Allen* v. *Atlanta Street R. R. Co.,*

54 *Ga.* 503 ; *Chick* v. *Southwestern R. R. Co.*, 57 *Ga.* 357 ; *Mc-Dowell* v. *Georgia R. R. Co.*, 60 *Ga.* 320.   *Shields* v. *Yonge*, 15 *Ga.* 349, 356, supra, is one of the earliest of our cases ; and this court there held that a father may sue for injuries to his minor son as for injuries to his servant, if the son is old enough to render service.   The case of *Allen* v. *Atlanta Street Railroad Company*, 54 *Ga.* 503, recognized the same right of action in the parent ; but ruled, however, that if the child was incapable of rendering any service at the time the tort was committed, no recovery could be had.   In the case of *Chick* v. *Southwestern R. R. Co.*, 57 *Ga.* 357, the same doctrine was enunciated ; and in the case of *McDowell* v. *Georgia R. R.*, 60 *Ga.* 320, this court ruled that, while a father could not recover for the homicide of his minor daughter, he could recover for the loss of her service to the time of her majority, occasioned by such homicide.   So that we can safely say that, in a proper case made, the father of a minor son capable of rendering service may recover damages for the loss of service which he has sustained in consequence of the negligent homicide of the son.

2, 3. The form of the action to be brought under the common law was trespass vi et armis, per quod servitium amisit, that is, that the defendant has by force committed a trespass upon the person of the child, whereby the plaintiff has sustained the loss of his service.   While to recover it is necessary to show both the negligent homicide and the loss of service, it is the loss of service which is the source of damage to the plaintiff.   Blackstone, vol. 2, book 3, top page 114, paragraph 4, says : "In this case [referring to a tort committed on the servant], besides the remedy of an action of battery or imprisonment which the servant himself as an individual may have against the aggressor, the master also, as a recompense for his immediate loss, may maintain an action of trespass vi et armis, in which he must allege and prove the special damage he has sustained by the beating of his servant, per quod servitium amisit, and then the jury will make him a proportionable pecuniary satisfaction"; in line with which, in Robert Mary's case, 9 Coke, 113a, Lord Coke lays down the rule to be : "If my servant is beat, the master shall not have an

action for this battery, unless the battery is so great that by reason thereof he loses the service of his servant, but the servant himself for every small battery shall have an action; and the reason of the difference is, that the master hath not any damage by the personal beating of his servant, but by reason of a per quod, viz.: per quod servitium amisit; . . for be the battery greater or less, if the master does not lose the service of his servant, he shall not have an action." In the same case Lord Coke says: "So that the original act is not the cause of his action, but the consequence upon it, viz.: the loss of service is the cause of his action." The gist of the action is the loss of service. Wood's Master and Servant, p. 449, and authorities cited in notes 2 and 3. The same doctrine is announced in Bigelow on Torts, 108, 109; 1 Minor's Institutes, 224, and authorities cited. The wrong consists in actual damage by reason of loss of service, or capacity to serve. 1 Jaggard on Torts, 450; 14 New York, 413. In the case of *Allen* v. *Atlanta Street R. R. Co.*, 54 *Ga.* 503, it was held that no recovery could be had by the father, because, while there was a homicide, there was no loss of service. The foundation of the plaintiff's action in a case like this is to recover damages for the loss of the service of the son, and not for the homicide. *Fluker* v. *Georgia Railroad & Banking Co.*, 81 *Ga.* 461. In the case of an actual parent, the loss of his service is the legal foundation of the action. 11 East, 23. By the common law, to entitle the parent to recover damages for a tort done to his child, the gist of the action is the loss of the services of the child by the parent. *Allen* v. *Atlanta Street Railroad Co.*, 54 *Ga.* 505. In pleading, "gist" means the essential ground or object of the action in point of law, without which there would be no cause of action. 1 Bouvier's Law Dictionary, p. 712. The gist of action is the cause for which an action will lie, the ground or foundation of a suit, without which it would not be maintainable; the essential ground or object of a suit, and without which there is not a cause of action. Anderson's Dictionary of Law, p. 488; 101 Ill. 394; 109 Ill. 33. We have cited the above authorities for the purpose of demonstrating the proposition, that in all cases brought by a father to recover damages for a tort

committed on his son who was capable of rendering service, the gist of the action is the loss of the service to the father. The right of the servant for the battery, and the right of the master to recover for loss of service, are separate and distinct rights, and can not be joined. Cooley on Torts, top p. 269 ; 17 Ind. 323. Notwithstanding an action has been brought in behalf of a child to recover damages for injuries sustained by reason of a tort committed on the person of the child, the father may recover for himself for loss of service. · Wood's Master and Servant, § 227 ; 2 Thompson· on Negligence, 1260 ; 57 Texas, 123 ; 125 Mass. 130 ; 49 Texas, 322. In the case of Fried v. New York Central R. R. Co., 25 Howard's Practice Reports, 285, in a review of rights of actions under the statute which do or do not survive and go to the executor or administrator, Mr. Justice Masten, says : "If, upon legal rules, injury to the person is the gist of the action, and injury to property or to pecuniary interests is merely matter of aggravation, the right of action dies with the person. But if, upon legal principles and analogies, the gist of the action can be injury to the property or to pecuniary rights or interests, the right of action is transmitted to the personal representative, who may recover to the extent that the wrong touched the estate of the deceased. " If the authorities heretofore cited are applicable to a case of this character, they establish the proposition that in a suit for the negligent homicide of a minor son who is capable of rendering service, brought by the father in his own behalf, the basis of the action is the damage to the father ; that the damage to the father consists alone in the loss of service ; and that to recover in such action it is necessary to show both the homicide or injury and the loss of service, because the latter, so far as the father's rights are concerned, grows out and is a consequence of the homicide or injury. If the loss of service is the damage to the father, then it is the gravamen or gist of the action, and the right of the father to the service which he has lost is to be determined by the laws applicable in the relation of master and servant. A master has a property right in the services of his servant; otherwise, he would not be entitled to recover damages for an invasion of such right. It has been held that an action by a

husband to recover damages sustained in consequence of injuries inflicted upon his wife by the defendant's negligence, where such damages consist in the loss of the services of his wife, and of moneys expended for necessary medical aid and attendance upon her during her illness, etc., is an action to recover damages for an injury to property, and not for a personal injury. 34 Hun (N. Y.), 510; 19 Hun, 341; 83 N. Y. 595; 75 N. Y. 192; 48 Hun, 172. The ruling in the last case cited (48 Hun, 172) was reversed in 112 N. Y. 559, the reversal, however, being placed largely on the New York statutes, and interpretations thereof justified by reference to various sections of the New York code. These authorities go to show that the nature of the right of the father is a property interest. If it is a property interest, it enures to him and his estate in the same manner as any other interest in property recognized by law and existing in any other way.

In the action brought in the present case, the father can not be compensated for the personal suffering of the child, or for any loss occasioned to him by diminution of his capacity in any respect, or any disability created by the effect of the injury sustained upon his health, which would necessarily enter into the composition of an award of damages for the personal injury. 34 Hun, 510. The plaintiff had a right to the services of his child, they were of pecuniary value to him, and any wrong by which he was deprived of those services was a wrong done to his property rights. 75 N. Y. 195. In such an action, the homicide is stated as an element only of the plaintiff's case and by which damages resulted from the loss to the plaintiff of the child's services. Where an injury is done to the person of the plaintiff, the pecuniary damage sustained thereby can not be so separated as to constitute an independent cause of action; for the cause of action is single and consists of injury to the person, and the damages are the consequence merely of that injury. 75 N. Y. 195. As has been shown, the parent or master has no right of action for the battery or homicide of the child or servant. No right of his is invaded or infringed, unless by the infliction of the injury he sustains the loss of service of the child or servant to which he is entitled. It would be an

anomaly to hold that a master has no right of action for personal injuries to his servant, but that, nevertheless, the action for loss of service which is afforded him is an action for injury done to the person. The right of the master to the service of his servant is an incorporeal hereditament. Personalty or personal estate includes everything having value inherent in itself or the representative of value, and not included in the definition of realty. If a master owns by contract with his servant, or by legal obligation growing out of the relation of parent and child, the service of such servant or child, this right of service is a part of his personal estate. The law affords him damages for an illegal invasion of that right, and the measure of the damage is the value of the service lost. When that right of service is injured or illegally taken from him, it is a damage to his personal estate; and an action brought to recover damages for the injury to or loss of such personal estate is governed and controlled, so far as the time in which such action must be brought, by the law which limits the time in which actions for damages to personalty or personal estate are to be instituted.

The judgment of the court below in sustaining the demurrer to the declaration is

*Reversed. All concurring, except Fish, J., disqualified.*