## 13475. VAUGHN *v.* CITY OF DUBLIN.

BROYLES, C. J.   1. Where a mother sues for damages because of the alleged negligent homicide of her minor child, and it is not stated in the petition that the suit is for the loss of the child's services, or that the child ever rendered any service to her, or even that it was capable of rendering any, or that the child contributed to the plaintiff's support, or that the plaintiff was dependent on the child, the petition sets out no cause of action, and is not amendable. *Smith* v. *East & West Railroad of Ala.*, 84 *Ga.* 183 (10 S. E. 602); *Bell* v. *Central Railroad*, 73 *Ga.* 520.

(a) The above ruling is not in conflict with the decision in *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691 (7) (13 S. E. 809), relied on by counsel for the plaintiff in error, as the original record in the *Ellison* case (of file in the office of the clerk of the Supreme Court) shows that the petition as originally drawn contained· the allegations that the deceased son at the time of his death was earning $550 a year. and that he contributed the wages that he earned to his mother's support. And the Supreme Court held in substance (p. 719) that as the original petition showed that the deceased son contributed materially to the plaintiff's support, and showed all the other facts necessary to set out a cause of action under the act of 1887 (now embodied in section 4424 of the Civil Code of 1910), except the *one* fact that the plaintiff was dependent upon the son for support, an amend-

ment alleging this one fact should have been allowed. See, to the same effect, *Southern Railway Co.* v. *Dickson,* 138 *Ga.* 371 (75 S. E. 462).

2. This is an action for damages brought by a mother on account of the alleged negligent homicide of her ten-year-old girl. The petition (especially when construed, as it must be, most strongly against the plaintiff) was apparently drawn on the erroneous theory that the negligent homicide of the child was the gist of the action, and not the loss of the child's services resulting therefrom, as the petition, while complaining of the negligent killing of the child, failed to mention such services or to allege that the child had ever rendered any service to the plaintiff, or even that at the time of its death it was capable of rendering any. Furthermore, it was not alleged in the petition either that the plaintiff was dependent upon the child or that the child contributed anything to the plaintiff's support. The petition was demurred to, and the plaintiff then offered two amendments to it, both of which were disallowed, and the petition was dismissed on the demurrer interposed. The plaintiff excepted to the judgments disallowing the amendments and dismissing her suit. However, counsel for the plaintiff in error, in his brief, expressly abandons all the assignments of error save that upon the judgment disallowing the amendment which alleged that the plaintiff was dependent upon the deceased child and that the child contributed to the plaintiff's support. Under the ruling in the preceding paragraph the court did not err in disallowing the proffered amendment.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 13, 1922.

Action for damages; from Laurens superior court — Judge Kent. January 26, 1922.

*M. H. Blackshear, R. L. Berner,* for plaintiff.
*Burch & Daley, R. Earl Camp,* for defendant.