**SMITH BROS., Inc., v. WILLIAMS.**
**(No. 3380.)**

Court of Civil Appeals of Texas. Texarkana.
April 29, 1927.

Rehearing Denied May 5, 1927.

Master and servant ⬤═302(2)—Employer held
liable for injury to boy thrown from truck
speeding in rounding curve, though driver was
unauthorized to carry passengers.

Although employer was chartered as a
building contractor and never engaged in business of transporting persons in its trucks, nor
authorized its drivers to do so, it was liable for
negligence of its driver in rounding curb at such
speed that boy of immature years, permitted by
driver to ride on truck, was thrown out and injured.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Calvit Herndon Williams, by
next friend, against Smith Bros., Inc. From
a judgment for plaintiff, defendant appeals.
Affirmed.

Appellant, Smith Bros., was a corporation
engaged in paving work at River Oaks Country Club near Houston. Frank E. Lee was
its "concrete foreman," and Leonard Premeaux was in its service as a motortruck
driver. September 25, 1924, Premeaux, returning in one of appellant's motortrucks to
the country club from Houston, where he
had been sent by Lee to get ice, permitted
appellee, Calvit Herndon Williams, then
about 14 years of age, and his two companions, Farrell Shaw, about the same age,
and Harvey Burkhalter, about 11 years of
age, to get upon the motortruck he was driving and ride with him toward said country
club. Shaw and Burkhalter sat with Premeaux on the driver's seat on the truck, and
appellee sat on the side of the truck, back of
said seat. When the truck, moving on Nebraska street, reached a curve on said street
where it crossed Ridgewood street, appellee
fell to the ground, and a motortruck owned
by one Davis and driven by one Brazee, moving in a direction opposite to that the truck
appellee fell from was moving, ran over and
injured him. This suit was commenced and
prosecuted by appellee's father, W. H. Williams, on his own and appellee's behalf,
against appellant, on the theory that its employee, Premeaux, was guilty of negligence
in ways specified which proximately caused
appellee to fall from the truck in which he
was riding. On special issues submitted to
them the jury found that the position in
which appellee was riding in the truck was
a dangerous one, but that he did not know
and appreciate the fact, and should not have
known and appreciated it, "considering his
age and discretion," and found that Premeaux was guilty of negligence which was a
proximate cause of the injury to appellee (1)
in permitting him to ride upon the truck; (2)
in operating the truck "at a high rate of
speed" and "in a reckless manner," considering the surrounding circumstances; (3) in
failing to slow down the speed of the truck
as it approached the curve in Nebraska
street and the truck Brazee was driving; and
(4) in causing wheels of the truck to go into
a ditch and strike a bridge with such force
as to cause appellee to be thrown to the
ground. The jury found, further, that appellee was not guilty of contributory negligence in any of the respects charged against
him by appellant. And they found, further,
that $2,500 would compensate him for the
injury he suffered. W. H. Williams was denied a recovery of anything, but the judgment was in appellee's favor for the amount
found by the jury.

Vinson, Elkins, Sweeton & Weems, O. M.
Hightower, and W. S. Jacobs, Jr., all of
Houston, for appellant.

E. T. Chew, of Houston, for appellee.

WILLSON, C. J. (after stating the facts
as above). It appeared from the charter
granted by the state to appellant that the
purposes for which it was incorporated were
"to contract for the erection, construction or
repair of any building, structure or improvement, public or private, and erect, construct
or repair the same, or any part thereof, and
to acquire, own and prepare for use any material for said purposes, together with the
right to do such other and further things as
are reasonably necessary and incident to the
conduct of the aforesaid authorized business," and it appeared from other evidence
heard at the trial that appellant never engaged nor undertook to engage in the business of transporting persons in trucks it
owned and operated, and never authorized
Premeaux or any of its motortruck drivers
to carry appellee or any one else on trucks he
or they drove for it. Therefore we agree
with appellant that Premeaux acted outside
the scope of his authority as a driver of its
motortrucks when he permitted appellee to
ride upon the one he was driving on the occasion of the accident. And but for the fact,
as found by the jury, that appellee, because
of immature age and lack of discretion, did
not know and appreciate the danger he incurred in riding on the truck as he did, we
would agree with appellant in its further
contention that it was not liable to appellee
as determined by the judgment. That that
finding was warranted by evidence before
the jury is not specifically questioned by appellant. We think the effect of the finding
was to bring the case within the rule recognized in Cook v. Navigation Co., 76 Tex. 353,
13 S. W. 475, 18 Am. St. Rep. 52, Railway
Co. v. Rodgers, 89 Tex. 675, 36 S. W. 243, and

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

other cases cited by appellee, and to make Railway Co. v. Anderson, 82 Tex. 516, 17 S. W. 1040, 27 Am. St. Rep. 902, Railway Co. v. Cooper, 88 Tex. 607, 32 S. W. 517, Main Street Garage v. Eganhouse Optical Co. (Tex. Civ. App.) 223 S. W. 316, and other Texas cases cited by appellant, inapplicable.

In the Rodgers Case referred to, employees of the railway company permitted the plaintiff, a boy between 12 and 13 years of age, to ride on a hand car they were operating on the railway company's tracks. As a result of negligence of said employees, it was claimed, the boy was thrown upon the track and run over by the car. The court held that if it was dangerous for the boy to ride upon the car, and if the boy by reason of his age and want of intelligence was not capable of appreciating the danger, and the employees of the railway company invited or permitted him to get upon the car, the railway company was liable for the injury to him, "although (quoting) its employees may have been forbidden to permit any one to ride upon said car." We think this case was not materially different from that one. Riding on a hand car was not more dangerous than riding as appellee did upon the motortruck.

The facts in Cook v. Navigation Co. were much like they were in the Rodgers Case and in this case. A girl between 13 and 14 years of age, on the tugboat at the instance of employees without authority to invite her there, fell therefrom and was drowned. The court said the act of inviting the girl and her little brother on board the boat "was not within the scope of the authority of the company's servants, and if the right of action depended upon the invitation the company should not be held liable." "But we think," the court added, "it was the duty of the company not to permit them on board if their presence there was dangerous. When the company left the management of the boat to its servants the duty devolved upon them, and it cannot be permitted to say that their action in allowing the children on the boat was contrary to orders, and that it was not liable." In another part of the opinion the court said:

"Although the defendant company may have owed the deceased no duty as a passenger, it does not follow that they are not responsible for her death. Every person using dangerous machinery is under obligation to operate it in a careful manner. He may owe no duty to one who has attained the years of discretion, and who voluntarily comes in contact with it, to guard him against dangers that are apparent. But as to children the rule is different. Evansich v. Railway, 57 Tex. 123; Evansich v. Railway, Id. [57 Tex.] 126. Not being capable of exercising that degree of circumspection in the face of danger that adults are expected to use, a higher degree of care must be exercised towards them. If it be negligent to leave dangerous machinery in a place where children are

likely to tamper with it, without taking precautions to prevent them from injuring themselves, we think it equally negligent to permit them aboard a tugboat, where there is danger of them being drowned, without taking adequate precautions to avoid all accidents."

In its brief appellant cites cases decided in other states which seem to support its contention, but Cook v. Navigation Co. and Railway Co. v. Rodgers, referred to above, were decided by the Supreme Court of this state, have never been overruled, and, as we construe them, authorized the judgment in appellee's favor. Therefore it is affirmed.