## MARTIN *v.* GURLEY.

No. 15591. OCTOBER 11, 1946.

*Allen, Harris & Henson, Neely, Marshall & Greene,* and *James C. Howard Jr.,* for plaintiff in error.

*John T. Dennis* and *Robert B. Blackburn,* contra.

HEAD, Justice. "Every person may recover for torts committed to himself, his wife, his child, his ward, or his servant." Code, § 105-107. The above section of the Code is a declaration of the common law. See *Bell* v. *Central Railroad,* 73 *Ga.* 520; *Frazier* v. *Ga. R. & Bkg. Co.,* 101 *Ga.* 70 (28 S. E. 684). Prior to the Code of 1895, the section which is now § 53-511 was a statement of the common-law rule that only the husband could sue for a tort to the wife. In *City of Atlanta* v. *Dorsey,* 73 *Ga.* 479, it was held that under the Married Woman's Act (Code, § 53-502) the wife could recover for a tort committed upon her person or reputation. The codifiers of the Code of 1895 included the wife in the section of the Code, now § 53-511, in conformity with the rule stated in *City of Atlanta* v. *Dorsey,* supra.

In determining the relative rights of husband and wife under the Code, §§ 105-107, 53-511, and 53-502, it has been held that the wife might sue and be sued in all matters relating to her sole and separate property, or for any injury to her person or reputation. *Sessions* v. *Parker,* 174 *Ga.* 300 (162 S. E. 790). But it has been repeatedly held: "In the absence of any consent or agreement, either express or implied, on the part of a husband, that the earnings of his wife shall be retained by her as her separate estate, they belong to him." *Roberts* v. *Haines,* 112 *Ga.* 842 (38 S. E. 109); *Ga. Railroad & Bkg. Co.* v. *Tice,* 124 *Ga.* 460 (52 S. E. 916, 4 Ann. Cas. 200); *Cotter* v. *Gazaway,* 141 *Ga.* 534 (81 S. E. 879). Therefore it appears that prior to the act of 1943 (Ga. L. 1943, p. 316, Code, Ann. Supp., § 53-512), the wife could sue and be sued in all matters pertaining to her separate estate, and might sue and recover for a tort committed upon her person or reputation; but, if the husband had not consented for her earnings to be her separate property, she could not sue and recover such earnings, which under statutes declaratory of the common law were held to belong to the husband, and not to the wife under the Married Woman's Act (Code, § 53-502).

The question for determination here is whether or not under the

act of 1943 the right of recovery for "lost earnings" and "permanent impairment to labor and earn money" is now in the wife or, under the former rule, in the husband. The act of 1943 reads as follows: "A husband living with his wife shall not be entitled to, and shall not receive the salary or wages of his wife, except by her consent." It is to be noted that two new principles are stated in this act: first, that "a husband living with his wife shall not be entitled to . . the salary or wages of his wife, except by her consent;" and second, that "a husband living with his wife . . shall not receive the salary or wages of his wife, except by her consent." If the husband is not entitled under the act of 1943 to the salary and wages of his wife except by her consent, certainly he could not sue for and recover such salary and wages, unless the wife had consented for him to receive such salary and wages. The right of recovery would be in the wife, unless it be shown that she had consented for her husband to receive her salary and wages.

It must be noted, however, that there is a substantial variance between the language of the statute above quoted and the question propounded to this court by the Court of Appeals, and it is therefore necessary to determine the application to be given the act of 1943 to the question propounded, based on "lost earnings" and "permanent impairment to labor and earn money." The words, "permanent impairment to labor and earn money," would be covered by the word "wages" in the act of 1943, since "wages" is generally construed as "pay given for labor," and would be a proper allegation in the wife's petition for the recovery of wages. "Lost earnings" would include all salary and wages, but "salary and wages" would not necessarily include all earnings. If, in an action by the wife for personal injuries, she seeks to recover "lost earnings," she could be required by special demurrer to show whether or not such "lost earnings" were to be derived from salary and wages, and if not, whether or not her husband had consented for her earnings to be her separate property. Since there is a distinction between "earnings" and "salary and wages," it appears that a limitation was imposed by the act of 1943 on the wife's right of recovery for "lost earnings," where her husband had not consented for her to retain her earnings, to those earnings represented by "salary and wages." This view is supported by the fact that the original act as drawn contained the word "earnings," and by

amendment the word "earnings" was stricken and the words "salary and wages" were substituted therefor.

It is neither appropriate nor necessary that this court make any inquiry as to the legislative wisdom in limiting such recovery by the wife to "salary and wages." It is sufficient that such a limitation was made, and until the General Assembly provides otherwise, the wife's right of recovery for "lost earnings" and "permanent impairment to labor and earn money," without her husband's consent for her earnings to be her separate property, by the act of 1943, includes only such lost earnings as are shown to be "salary and wages."

*All the Justices concur, except Jenkins, P. J., disqualified.*