### 10610. HOLT v. GEORGIA RAILWAY & POWER COMPANY.

STEPHENS, J. 1. Lost earning capacity being an entirely separate and distinct item of damage from pain and suffering, and it being the duty of the trial judge to submit to the jury all of the substantial issues made by the pleadings and the evidence, it follows that, where in a suit for personal injuries a claim for future impaired earning capacity was one of the substantial issues made by the pleadings and the evidence, the law relative thereto should have been given in charge to the jury, without special request therefor.

2. Where in such a case the petition sets out the petitioner's injuries and alleges, "that he now suffers from the same and will continue to suffer from the same as long as he lives, . . [and] that on account of said injuries he has lost entirely his earnings since the date of said injury, and that his earning capacity is destroyed," and where the evidence shows such physical injuries to the plaintiff, from which a jury may reasonably infer that the plaintiff has been permanently or totally disabled and will continue so for any period of time in the

future, the issue as to lost earning capacity, both partial and total, is presented.

      *Judgment reversed. Jenkins, P. J., and Smith, J., concur.*
DECIDED DECEMBER 16, 1919.

Action for damages; from Fulton superior court—Judge Bell. March 28, 1919.

*McClelland & McClelland, R. R. Arnold, Roy S. Drennan,* for plaintiff.

*Colquitt & Conyers,* for defendant.