10631. McDonald *v.* Southern Railway Company.

STEPHENS, J. 1. Lost earning capacity being an entirely separate and distinct item of damage from pain and suffering, and it being the duty of the trial judge to submit to the jury all of the substantial issues made by the pleadings and the evidence, it follows that, where in a suit for personal injuries a claim for lost capacity to labor and earn money was one of the substantial issues made by the pleadings and the evidence, the law relative thereto should have been fully given in charge to the jury, without special request therefor.

2. Where in such a case the petition sets out the petitioner's injuries and alleges that they are permanent, and that the petitioner has become totally disabled, and where the petition prays damages, as a result of said injuries, for "lost capacity to labor and earn money," and where the evidence shows such physical injuries to the plaintiff, from which a jury may reasonably infer that the plaintiff has been permanently or totally disabled and will continue so for any period of time in the future, the issue as to lost earning capacity, either partial or total, is presented.

3. The trial judge instructed the jury as follows: "The plaintiff sues for pain and suffering which he alleges he has suffered and endured by reason of the negligence of the defendant. That is a legitimate specification of damages, and he would be entitled to damages for pain and suffering, if you find the case has been made out; and as to that there is no rule to measure damages for pain and suffering and diminished capacity to labor as distinguished from earning capacity, except the enlightened conscience of impartial jurors under the sanctity of their oaths. If you find this case has been made out, you would ascertain from the evidence whether the plaintiff has suffered much or little, the character and extent of his suffering, and give him such damages as your enlightened consciences would approve. The plaintiff contends that his injuries are permanent, and that he will suffer in the future on account of this injury, on account of the alleged negligence of the defendant. You would consider that, if the injuries are permanent and he is likely to suffer pain in the future, and if you should allow him anything for future pain and suffering, why you would have to re-

duce that amount to its present cash value, figured at the rate of seven per cent. He also sues for lost wages. That is a matter of evidence. If he is entitled to recover, he would be entitled to recover the amount of money he has lost by reason of this injury, and you would find that from the evidence. Find what he was earning, how long he has been out of employment by reason of this injury, and give him such an amount as the evidence shows him to be entitled to under that specification. . . You need not consider those two items, doctor's bills and medicine, but consider the other items, pain and suffering and lost wages." In this charge the judge nowhere submitted to the jury the question of plaintiff's right to recover for lost capacity to labor and earn money, but expressly confined the jury to the issue as to wages lost up to the time of the trial.

4. The other assignments of error are without merit.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*

DECIDED DECEMBER 16, 1919.

Action for damages; from Fulton superior court—Judge Bell. April 21, 1919.

*J. Caleb Clarke,* for plaintiff.

*McDaniel & Black,* for defendant.