18917.   CITY OF ATLANTA *v.* JOLLY.

Decided February 9, 1929.

*J. L. Mayson, C. S. Winn,* for plaintiff in error.
*Hewlett & Dennis, C. L. Padgett,* contra.

Stephens, J.  While a person injured may, as compensation for damage in the nature of pain and suffering, without any proof of pecuniary loss, recover damages for impaired ability to work due to a physical injury, as was held in *City Council of Augusta* v. *Owens,* 111 *Ga.* 464 (36 S. E. 830), yet where a recovery is sought for pecuniary loss resulting from an impaired capacity to earn money, resulting from a physical injury, there must appear some data from which the jury can arrive at the pecuniary value of the injured person's earning capacity both before and after the injury. *Rome Railway & Light Co.* v. *Duke,* 26 *Ga. App.* 52 (105 S. E. 386) ; *Atlantic Coast Line Railroad Co.* v. *Anderson,* 35 *Ga. App.* 292 (4) (133 S. E. 63). While proof of the plaintiff's actual earnings, either before or after the injury, is not essential to the establishment of the value of the plaintiff's decreased earning capacity, there must nevertheless appear some evidence, either direct or circumstantial, tending to show what the plaintiff was capable of earning both before and after the injury. The mere fact that the plaintiff has suffered a physical injury, such as a sprained or fractured ankle, which might permanently impair her ability to walk or to enjoy the normal use of both feet, and that she is thereby prevented from performing the duties of her employment at the time of the injury, in the absence of any evidence either direct or circumstantial tending to show what the plaintiff earned in her business, or other evidence from which the jury could estimate the pecuniary value of the plaintiff's earning capacity, either

before or after the injury, even if sufficient to establish a diminished earning capacity as a result of the injury, is insufficient to establish its pecuniary value.

Where the only evidence tending to show a diminution of the plaintiff's capacity to earn money as a result of a physical injury is that at the time of the injury the plaintiff was a woman fifty years of age and conducted a boarding house in which there were about fifteen or eighteen boarders, in the conduct of which she personally did all the cooking and the housework, that because of the injury, which consisted of a sprained or broken ankle, she was confined to her bed for a time and was unable to stand upon her lame leg with a shoe on its foot, or to do any kind of work, that she was unable to perform her accustomed duties at the boarding house and was compelled to hire another person to do these duties for her, that during her disability the number of boarders was reduced to about three, and that she had to give up the business on account of her inability to do the work required, and where it appears that prior to the injury the number of boarders fluctuated from time to time, and where there was no evidence whatsoever as to what she earned as a result of her work in conducting the boarding house, and no data from which the jury could infer this fact, there does not appear sufficient evidence from which the jury could arrive at the pecuniary value of the plaintiff's earning capacity at the time or after the injury, and therefore no evidence appears from which the jury could infer the amount of pecuniary loss, if any, suffered by the plaintiff as a result of a diminished earning capacity. The judge therefore erred in instructing the jury that they would be authorized to find as an element of damage an amount representing the damage sustained by the plaintiff as a result of diminished earning capacity.

■ An assignment of error which excepts to the admission of testimony "as to how long plaintiff was disabled from using her foot" is insufficient in that it fails to state what the witness testified to.

■ The jury having found a verdict for the plaintiff, and the court on the trial having erred as indicated above, it was error not to grant to the defendant a new trial.

*Judgment reversed. Bell, J., concurs. Jenkins, P. J., disqualified.*