29106. ATLANTA COCA-COLA BOTTLING CO. *v.* DEAL.

DECIDED OCTOBER 11, 1941. REHEARING DENIED NOVEMBER 26, 1941.

*T. J. Long,* for plaintiff in error. *Durwood T. Pye,* contra.

FELTON, J. F. M. Deal sued the Atlanta Coca-Cola Bottling Company for damages from personal injury. The jury found for the plaintiff. The company excepted to the overruling of its motion for new trial.

The only question in the case is whether the court erred in charging the jury on the subject of the plaintiff's right to recover for diminished earning capacity, submitting to them the question as to how much the plaintiff would lose in the future by reason of his injury. The contention of the company is that there was no evidence showing in what amount the plaintiff's earning capacity had been impaired.

The evidence on the subject was as follows: The plaintiff testified: "I live at 2284 Bankhead Highway. That is out in the Center Hill community, near the Center Hill Baptist Church, and

near Gary Road. I operate a little drink stand or beer parlor for Mr. Rakestraw. I do not operate that place of business at the same place I live now, but that little stand and house there go by the same number, 2284, and the store I am operating now is located at 1314 Bankhead Highway, nearer to town. I think they call it Bankhead Avenue up there. I formerly operated a store for Mr. Rakestraw at the same place where I am living now, or right next door to it, the same number, the house and store are together. We sold at that place beer and wine and soft drinks, such as coca-cola. We did not sell any groceries, but did sell sandwiches. I operated the place in 1939, and I sustained an injury in 1939 while I was operating the place for Mr. Rakestraw. . . I am forty-nine years old. . . I am not able to use my hand now as well as I could before the accident. There was nothing wrong with my hand before the accident. I will say that my hand is worth about one-third as much now as it was before it was hurt. I have not got any grip in that hand. I will say that it is worth about one third as much as before it was hurt. Of course all my fingers give me trouble, but these two middle ones hurt are the worst. I can use my thumb, and I can use the first finger, but these two fingers between the first finger and the little finger are stiff. I can't use them. I can't straighten my two middle fingers, and I can't close my hand together hardly. . . Those two middle fingers are not straight. . . Before I had this accident I could straighten out my hand like you have yours. There was not anything wrong with my hand before this happened. I have only about one third as much grip in that hand as in the other hand. This place in the palm of my hand is where it rotted out. They operated on me from here to there, almost to the bone on the inside of the palm of my hand. I can't use my thumb as I did before the accident, but it is not as stiff as the middle fingers. The little finger is crooked some. I can not use the two middle fingers on my right hand toward the palm of my hand as well as on my other hand. I can not touch the palm of my hand with them. I can hold with my little finger and forefinger a little bit, but not with my middle fingers. . . I have been on the farm most all my life until I went to work for Mr. Rakestraw. I have been with him now off and on for about three years. The way I make my living calls for the use of my hands. During the time I was away

from work I had the expenses of the doctor, and I lost my wages. I did not get a straight salary, I worked on a commission basis. I would say that I lost $75. That's what I would have made if I had been at work. There is no certain salary to it. I was on commission and it would not run the same every week. What I say it would have run is based on what it was running at that time."

Dr. J. I. Hembree testified: "I am familiar with Mr. Deal's hand at this time. I saw it the other day and examined it. That was recently. Apparently this had reached its maximum improvement in my opinion. His hand is not now as good as it was before this injury. The third and fourth fingers are tender. There seem to be adhesions from fibrous tissue. He is not able to straighten his fingers. He can't close them up like this. He doesn't have the proper use of those two fingers. I didn't particularly see anything wrong with the thumb. He can move that. I didn't notice anything wrong with the finger next to the thumb, and the little finger shows no trouble. There is a good-sized scar in the palm of the hand. I think the condition with respect to the two fingers which I say he can not properly use and this scar is permanent. That hand is not very strong. He doesn't seem to have so much strength in his *right* hand. [Italics ours.] I would think that weakness is a permanent condition. I would think that the weakness he has will be permanent. The percentage of loss of his hand by reason of this injury would depend on what he was doing. It might be one half, or maybe more. It would depend upon what kind of work he is doing. I would say that his capacity to use that hand now is probably one half of what it was before the injury, that is, he can use the hand one half as well as a normal hand."

There was no evidence which would furnish the jury a reasonable basis on which to estimate the damage resulting from a diminution of capacity to earn money, and it was therefore error to give the charge excepted to. *Rome Railway & Light Co. v. Duke,* 26 *Ga. App.* 52 (105 S. E. 386); *Atlantic Coast Line R. Co. v. Anderson,* 35 *Ga. App.* 292 (133 S. E. 63); *City of Atlanta v. Jolly,* 39 *Ga. App.* 282 (146 S. E. 770); *Berry v. Jowers,* 59 *Ga. App.* 24(5) (200 S. E. 195). The cases of *L. & N. Ry. Co. v. Culpepper,* 142 *Ga.* 275 (82 S. E. 659), *O'Neill Mfg. Co. v. Pruitt,* 110 *Ga.* 577 (36 S. E. 59), *Holt v. Georgia Railway & Power Co.,* 24 *Ga. App.* 607 (101 S. E. 758) are distinguishable on their facts.

In this case the plaintiff at the time of the trial was engaged in the same work as at the time of the injury. There was no evidence whatever going to show that his earning capacity in that business, or in any other work in which he could engage, was diminished because of his injury. The charge complained of was error, and the court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*