29348. FRASER v. ATLANTA TITLE AND TRUST COMPANY.

SUTTON, J. 1. "Actions for injuries to the person shall be brought within two years after the right of action accrues." Code § 3-1004; Barrett v. Jackson, 44 Ga. App. 611 (162 S. E. 308). An injury to one's health is

an injury to the person. *Dalrymple* v. *Brunswick Coca-Cola Bottling Co.*, 51 *Ga. App.* 754 (181 S. E. 597).

2. "The test to be applied in determining when the statute of limitations begins to run against an action sounding in tort is in whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act is of itself not unlawful in this sense, and a recovery is sought only on account of damage subsequently accruing from and consequent upon the act, the cause of action accrues and the statute begins to run only when the damage is sustained; but if the act causing such subsequent damage is of itself unlawful in the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, however slight the actual damage may be." *Barrett* v. *Jackson*, supra; *Silvertooth* v. *Shallenberger*, 49 *Ga. App.* 133 (2) (174 S. E. 365).

3. According to the allegations of the petition the cause of action, if any, arose on June 11, 1937, by reason of the defendant, maliciously, at a time when she did not owe it anything, sending to the plaintiff by registered mail, which she received, a notice of intention to sue, thereby frightening her, making her nervous, and causing a nervous breakdown which was completed on September 1, 1939, and resulted in permanent impairment of her health, the receipt of the notice being "the contributing cause of the plaintiff's breakdown and illness." The action not having been brought until June 14, 1941, more than two years after the cause of action, if any, arose, was barred by the statute of limitations, and the court did not err in sustaining the defendant's general demurrer and in dismissing the petition.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

Decided February 17, 1942.

*John F. Echols,* for plaintiff.   *Kenneth A. Campbell,* for defendant.