33522. ATLANTIC COAST LINE R. COMPANY *et al. v.* ANSLEY.

FELTON, J. 1. Damages allowed a plaintiff for an injury to his earning capacity are compensatory and must be proved by data or facts from which the pecuniary value of such diminution can be determined (*City of Atlanta* v. *Jolly,* 39 *Ga. App.* 282 (1), 146 S. E. 770), and such damages cannot be awarded as "additional damages" allowable under Code § 105-2002; therefore, the court erred in charging the jury: "Now, gentlemen of the jury, in every tort, such as you are trying, there may be aggravating circumstances either in the act or the intention, and in that event you may give additional damages either to deter the wrongdoer from repeating the trespass, or as compensation for the wounded feeling of the plaintiff *or injury to his earning capacity."* (Italics ours.) Such charge was error, and harmful to the defendant in view of the amount of the verdict returned for the plaintiff.
2. Grounds 3, 4, 5 and 8 of the amended motion for a new trial are without merit. The evidence demanded a finding that the plaintiff suffered some damage and, therefore, it was not error for the court, while charging the jury that the plaintiff would be authorized to recover if they found that the defendant's negligence was the proximate cause of the collision, to fail to charge that the plaintiff must show some injury or damage due to the collision.
3. Ground 9 of the amended motion is without merit. It is not error to charge a contention of a party made in his pleading even though such contention is not supported by the evidence. *Western & Atlantic R.* v. *Lochridge,* 39 *Ga. App.* 246 (4) (146 S. E. 776); s.c., 170 *Ga.* 208, 219 (4) (152 S. E. 474).
4. Grounds 1 and 2 of the amended motion are without merit.
5. As the alleged errors, if they were in fact errors, in the charge as set out in grounds 6 and 7 of the amended motion will not likely occur on a new trial of the case, we will not rule on such grounds.
The court erred in overruling the amended motion for a new trial.
*Judgment reversed. Worrill, J., concurs. Sutton, C.J., concurs in the judgment.*

DECIDED MAY 25, 1951. REHEARING DENIED JUNE 9, 1951.

*Stevens & Stevens,* for plaintiffs in error.
*Randall Evans Jr.,* contra.