44758.   BOSTON INSURANCE COMPANY v. BARNES.

ARGUED SEPTEMBER 12, 1969—DECIDED OCTOBER 10, 1969—
REHEARING DENIED NOVEMBER 5, 1969—

*Kenyon, Gunter, Hulsey & Sims, Julius M. Hulsey,* for appellant.

*Herman J. Spence, Bobby C. Milam,* for appellee.

Evans, Judge. ■ Counsel for appellant sought, in the summary judgment proceeding, to have the lower court take judicial notice of a companion suit by the plaintiff against the insurance company's local agent involving the same facts and circumstances here, the same allegedly containing admissions against plaintiff's interest. But this could not be done, for neither the trial court nor this court can judicially notice the record and decision in another case, even in the same court. *Ga. Cas. &c. Co. v. Reville,* 95 Ga. App. 358 (98 SE2d 210), and cases cited therein at page 362.

■■ It is the contention of the appellant herein that the

policy of insurance written by it contained a provision limiting the authority of the insurer's agent and providing that no waiver could be made except in writing, and that, upon examination of all the pleadings, admissions, depositions and other matters submitted in support of the motion for summary judgment, the averments of the petition have been pierced, and there remains no question of fact for determination by a jury, since the record, as it now stands, shows clearly that there can be no recovery.

But the insured contends that the insurer is estopped to deny coverage under the clause which provided that a lack of occupancy for more than 60 days would void coverage, contending that the insurer, through its agent and alter ego, knew of the lack of occupancy when the building was first insured, and at all times thereafter, including the time when the policy was renewed, and until the building was destroyed by fire; that the authorized agent had advised him that at all times he was completely covered under the policy or policies written, knowing the property was vacant when it was purchased and that it remained vacant during the period the first policy was in effect, and knowing that it was vacant again when the policy was renewed and that it remained vacant at all times during the period covered by the policies; and that it was vacant and being remodeled at the time of the fire; that plaintiff was not aware that any vacancy permit was necessary; that the authorized agent admits that the failure to obtain vacancy permits was an oversight on the agent's part, and he contends that the motion for summary judgment was properly denied since there remain facts for determination by a jury as to the liability of the insurance company for the loss occurring. The insurer contends that no waiver or estoppel arises against it because of the express language in the policy which required that any agreement or waiver be in writing and attached to the policy.

During oral argument before this court, counsel for the insurer asserted that coverage was effective for the first 60 days after the issuance of the policy, despite the lack of occupancy, and that when it was re-insured, that is, re-issued, coverage was effective for another 60 days immediately following the re-issue. Thus, although the insured had paid a premium for insurance

for a total of more than 16 months, the insurer contends coverage was effective for only 4 months of this period.

The law is very strict respecting motions for summary judgment and any doubt must be resolved in favor of the respondent in such motions. In the case of *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442) at page 4, is found the following language: "The purpose of the Summary Judgment Act of 1959 is to eliminate the necessity for a jury trial where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. . . It is designed to enable the trial judge, by piercing the formal verbiage of the pleadings, to filter out the sham issues which might otherwise cause needless and time-consuming litigation. . . The burden is upon the moving party to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant." Again, at page 5: "The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence. . . The Act cannot deprive a party of the opportunity to have a trial of a genuine issue as to any material fact, and it is indeed a great responsibility to say that 'in truth there is nothing to be tried.' "

Thus the question here for decision is whether or not the insurance company is estopped to defend this case by showing that the provisions of the policies had not been waived in writing, and hence there was no coverage under the insurance contract. The authorities are not uniform respecting waiver and estoppel in cases where the insurance company's agent and alter ego is aware of the lack of occupancy when the building is first insured. Counsel for appellant argues with much force that such lack of occupancy was perfectly consistent with the issuance of the policy, as the insured had 60 days in which to occupy the premises, and thus make the coverage extend beyond the 60 days, but in this case the renewal of the policy found the property still unoccupied, and with full knowledge by the insurer, through its agent and alter ego, that it had not been occupied

and was still unoccupied, the policy was renewed. The record is silent as to any discussion between the parties except that the agent advised plaintiff at all times that he was fully covered by the said fire insurance policy. In the deposition of this agent he states that it was an oversight on his part that no vacancy permit was obtained. The insurer's counsel maintains that the contract spelled out a lack of authority on the part of its agent to make any waiver except in writing. As previously stated, the authorities are not uniform, but the earlier authorities are to the effect that the agent's knowledge, despite the provisions in the policy against waiver, may, in fact, constitute an estoppel. Under the rule of stare decisis we are bound to follow the oldest decisions of this court and of the Supreme Court when they have not been overruled. Such a case is that of *Clay v. Phoenix Ins. Co.*, 97 Ga. 44 (2) (25 SE 417) at page 55, that where information is given to the local agent relative to the coverage that is to be provided "it was his duty to obtain the very information imparted to him by the assured, and with this information the company, through its agent, issued the policy upon which this action was brought. To allow the company to defeat a recovery by simply showing that a mortgage existed upon the property at the time the insurance was effected, would be to impute to it a deliberate purpose to defraud the assured. It would be to permit the company to say to the assured: We had no intention of insuring your property in the first instance; the policy of insurance is a false token, by means of which we have obtained your money in payment of premiums; we received and retain the money with no intention of affording to you the immunity from loss which you had a right to expect the policy would afford. Courts will not in such a case impute a fraudulent purpose to the insurance company in the execution of its contract of insurance, but will rather presume that the policy was issued in good faith and with an honest purpose to afford to the assured immunity against loss as stipualted therein. It will be presumed conclusively, when, with knowledge that there was a mortgage upon the property, it nevertheless issued the insurance and accepted the premium, that it intended to waive the condition in question, and which would have the effect, other-

wise, to render the policy void. In such a case, if the company intend afterwards to insist that the condition is a valid one, it should refuse, in the first instance, to issue the policy, or, having issued it, it should exercise its right of cancellation before a loss; and failing this, it is estopped to rely upon the breach of condition. It would have no right so to deal with the assured as to lead him to believe that his property was in fact insured, when the policy, according to its contention, was really void." This case is directly in point here where the agent well knew the property was vacant during the entire period that the various policies were supposedly to cover losses due to fire, and in fact his testimony in the deposition shows that the failure to obtain the vacancy permit was an oversight on his part. In *Grantham v. Royal Ins. Co.*, 34 Ga. App. 415, 417 (130 SE 589), it is held that despite the policy's limiting authority of the agent this would make no difference where he has actual knowledge of the encumbrance, which otherwise would have voided the coverage and it is held that the language in the policy as to waiver is not applicable because the question is not waiver but estoppel. On this question see also *Cotton States Mut. Ins. Co. v. Boatright*, 100 Ga. App. 493 (3) (111 SE2d 645).

*Code* § 38-114 sets forth the law as to estoppel, and while two contracting parties may agree that waivers must be in writing, still we have found no authority that holds they may agree that an estoppel may not arise against one or the other party if his conduct is such as to amount to estoppel. The difference between waiver and estoppel is slight but there is a difference. Since the agent's knowledge is the company's knowledge, even though there is an assertion in the policy that the contract shall be void, yet the policy was issued with notice to the company that the policy would not be complied with as to vacancy. Thus the company by accepting the insurance has placed itself in a position where it would be inequitable to allow it to make the defense here. See *Grantham v. Royal Ins. Co.*, 34 Ga. App. 415, supra, and *Johnson v. Aetna Ins. Co.*, 123 Ga. 404, 410 (51 SE 339, 107 ASR 92) wherein it is said it is well settled that where an agent who is authorized to deliver and issue policies on behalf of the company issues and delivers the policy with knowl-

edge of the true state of the facts, the knowledge of the agent is knowledge of the company, and with the delivery of the policy such knowledge amounts to·a waiver of conditions related to the true conditions therein.

This case differs on its facts from that of *Fire & Cas. Ins. Co. v. Fields,* 212 Ga. 814 (96 SE2d 502) where this court in the same styled case in 94 Ga. App. 272 (94 SE2d 113) was reversed on certiorari by the Supreme Court. That court held, at page 815, that "The agreed facts do not show that the agent of the insurer had possession of the policy at the time he made the representations as to the property being covered, and the ruling in *Corporation of Royal Exchange Assurance of London v. Franklin,* 158 Ga. 644 (1) (124 SE 172, 38 ALR 626), is not in point here. In the instant case, the insureds were bound to know the rights of the insurer, and that they could not be relinquished except in the manner provided by the policy. . ." While that court also held "the knowledge of the agent as to vacancy of the premises, and his·oral representations to the insureds that they were covered, did not estop the insurer from asserting a breach of the condition in the policy as to occupancy of the premises," yet the facts here show an oversight by the local agent in requesting the vacancy permit, and further, the insured was not bound to know the rights of insurer and that they could not be relinquished except in the manner provided in the policy.

Under the previously cited authorities as to motions for summary judgment wherein all doubts must be resolved in favor of the respondent, and it appearing from the depositions that the authorized agent was (1) aware of the unoccupancy at the time the policy was written in the beginning, and again at the time it was renewed, and knew it was not going to be occupied as it was being remodeled, (2) the policies remained in his possession and the provisions thereof were outside the knowledge of the insured, (3) he had advised the insured that he was fully covered, and (4) he made the statement in his deposition that the failure to obtain a vacancy permit was his oversight, there is sufficient doubt to require a jury verdict on the question of estoppel. Thus the motion for summary judgment was properly denied.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*