25782. GOODWIN et al. v. FIRST BAPTIST CHURCH OF AUGUSTA et al.

HAWES, Justice. This is the second appearance of this litigation in this court. For a sufficient statement of the nature of the case and the questions involved, see *Goodwin v. First*

*Baptist Church of Augusta,* 225 Ga. 448 (169 SE2d 334).
After the remittitur from this court had been transmitted to
the trial court, the plaintiffs sought to amend their com-
plaint in certain respects so as to establish a basis for the
introduction of evidence showing that they had not been
guilty of laches. The defendants filed a motion to strike
the plaintiffs' amendment on the ground that the judgment
of this court was controlling on all issues of law and fact
in the litigation. That motion came on for a hearing on
December 5, 1969, and the trial court granted it and dis-
missed the complaint in an order entered on December 16,
1969. That judgment is the subject of this appeal.

1. The defendants' motion to strike the plaintiffs' amendment
to their complaint contained no express prayer or demand
for a judgment on the pleadings. However, it appears from
the record that the trial court treated the motion to dismiss
as being a motion for a judgment on the pleadings. It is
also apparent from the language of the order appealed from,
when considered in connection with the opinion and judg-
ment of this court upon which it was based, that the court
considered matters outside the pleadings. This is true, be-
cause this court based its opinion on the affidavits and
documentary evidence introduced on the interlocutory in-
junction hearing, as well as the pleadings. Appellants con-
tend that they should have been afforded an opportunity to
present additional evidence on the issue of laches before being
subjected to a final judgment against them. We agree with
this contention. Section 12 (c) of the Civil Practice Act
provides that if on consideration of a motion to dismiss
asserting the defense of the failure of a pleading to state a
claim upon which relief can be granted matters outside the
pleading are presented to and not excluded by the court, the
motion shall be treated as one for a summary judgment and
disposed of as provided in Section 56 of that Act and all
of the parties shall be given reasonable opportunity to pre-
sent all material made pertinent to such motion by Section
56. *Code Ann.* § 81A-112. Since the motion upon which the
court purported to act in basing the judgment appealed from
contained no prayer or demand for a judgment on the plead-
ings or for summary judgment, it is apparent that the plain-
tiffs had no advance notice that such question would be
decided by the court and were not afforded a reasonable

opportunity to present all pertinent evidence respecting the issue of laches which they may have had. Under these circumstances, the trial court should not have entered a final judgment terminating the case.

2. Nothing in the opinion and judgment of this court demanded that the trial court enter a final judgment for the defendants. This court had before it for consideration, on the former appearance of this case, only the questions of whether the trial court properly vacated its original temporary restraining order, properly dissolved a later temporary restraining order and properly refused an interlocutory injunction. On the hearing on the issue as to whether to grant or refuse a permanent injunction, the trial court should not render a decision on the question of laches until all the facts have been presented by both sides. It follows that the trial court erred in entering a final judgment for the defendants.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 11, 1970—DECIDED JUNE 25, 1970.

*Cumming, Nixon, Yow, Waller & Capers, Joseph B. Cumming,* for appellants.

*Fulcher, Fulcher, Hagler, Harper & Reed, Edwin D. Fulcher, Hull, Towill, Norman, Barrett & Johnson, Robert C. Norman,* for appellees.

