26296, 26297. GOODWIN et al. v. FIRST BAPTIST
CHURCH OF AUGUSTA et al.; and vice versa.

HAWES, Justice. This is the third appearance of this litigation in this court. See *Goodwin v. First Baptist Church of Augusta,* 225 Ga. 448 (169 SE2d 334); s.c. 226 Ga. 524 (175 SE2d 868). On the first appearance this court held that the trial court was authorized to refuse a temporary injunction to the plaintiffs on the ground that the plaintiffs were guilty of laches. Upon the return of the remittitur the trial court sustained a motion of the defendants to strike an amendment to the plaintiffs' complaint and thereafter dismissed the complaint on the ground that the action was barred by laches. On the second appeal we held that the judgment of dismissal was equivalent to a summary judgment under § 12 (c) of the Civil Practice Act and that the trial court erred in failing to observe the requirement embodied in § 56 of that Act that the opposite party (plaintiffs) be afforded a reasonable opportunity to present all pertinent evidence they may have had respecting the issue of laches. We, therefore, reversed the case. Upon its return to the trial court, the defendants filed a motion for a summary judgment "in their favor upon the whole case since the record shows that there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law." In opposition to that motion the plaintiffs filed two affidavits. The trial court granted that motion and the plaintiffs appealed. *Held:*

Under the previous rulings of this court, which are the law of the case, the only issue before the trial court, upon the return of the remittitur for the second time, was whether the plaintiffs were barred in maintaining the action on the ground of laches. The case was ripe for a decision on the previous motion of

defendants for judgment on the pleadings, subject to the right of the plaintiffs to the opportunity to present whatever evidence they may have had on the issue of laches. Under these circumstances, the subsequent motion by the defendants for a summary judgment was mere surplusage, and whether or not such motion met the formal requirements with respect to motions for summary judgment is immaterial. The plaintiffs do not complain that they were not afforded an opportunity to present whatever evidence they may have had on the issue of laches. Without detailing the affidavits filed by the plaintiffs in opposition to the motion for a summary judgment or in opposition to the motion for a judgment on the pleadings it is sufficient to say that neither of the affidavits raised any issue of fact as to whether the plaintiffs had or had not been guilty of laches, and under the ruling of this court on the first appearance of this case the judgment of the trial court in dismissing the action, which is the final judgment here complained of, was not error.

*Judgment affirmed on the main appeal; cross appeal dismissed. All the Justices concur.*

ARGUED FEBRUARY 8, 1971—DECIDED MAY 6, 1971—
REHEARING DENIED MAY 20, 1971.

*Cumming, Nixon, Yow, Waller & Capers, Joseph B. Cumming,* for appellants.

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, Hull, Towill, Norman, Barrett & Johnson, Robert C. Norman,* for appellees.