51635. LEGGETT v. BENTON BROTHERS DRAYAGE & STORAGE COMPANY et al.

ARGUED JANUARY 15, 1976 — DECIDED APRIL 20, 1976 —
REHEARING DENIED MAY 24, 1976 —

*Richard D. Phillips,* for appellant.
*Thomas, Howard & Smith, W. Ward Newton,* for appellee.

DEEN, Presiding Judge.

Code § 3-1004 provides for a general two-year statute of limitation on actions for "injuries to the person"; there is a four-year limitation applicable to actions for injuries to personalty. Code § 3-1002. The issue here, simply stated, is whether a claim for lost wages and for lost earning capacity must be brought within two years or within four years after the right of action accrues; and

while the question may be stated simply, its resolution proves more difficult.

We begin with *Frazier v. Ga. R. &c. Co.,* 101 Ga. 70, 76 (28 SE 684) wherein it was held: "Where an injury is done to the person of the plaintiff, the pecuniary damage sustained thereby can not be so separated as to constitute an independent cause of action; for the cause of action is single and consists of injury ·to the person, and the damages are the consequence merely of that injury." This reasoning was reiterated by the Supreme Court in *Hutcherson v. Durden,* 113 Ga. 987, 991 (39 SE 495), the language of Code § 3-1004 "injuries done to the person" being held to include ". . . not only injuries to the physical body, but every other injury, for which an action may be brought, done to the individual and not to his property." The Court of Appeals decision in *Dalrymple v. Brunswick Coca-Cola Bottling Co.,* 51 Ga. App. 754 (181 SE 597) was consistent with the Supreme Court's analysis: "An injury to the 'person,' for which, when a right of action accrues, the action must be brought within two years; . . ., is an injury to the physical body of the person. An injury to one's health is an injury to the person. The mere fact that one who has received an injury to his person suffers as a result thereof a monetary loss such as expenditures for doctors' bills, loss of earning capacity, etc., does not make the injury any less an injury to the person. The resulting monetary damages are damages resulting from an injury to the person, and not from an injury to a property right." And again in *Fraser v. Atlanta Title &c. Co.,* 66 Ga. App. 630 (1) (19 SE2d 38) we find this court holding that "[a]n injury to one's health is an injury to the person." After *Fraser* however, the issue of the applicable statute of limitation to claims for medical expenses, lost wages and lost earning capacity follows a confusing and somewhat tortuous path through the decisions of the Court of Appeals.

In *Robinson v. Bomar,* 122 Ga. App. 564 (177 SE2d 815) it was held that a claim for lost wages sought recovery for an injury done to the plaintiff's personalty and that the four-year limitation was applicable. This seemingly is in direct opposition to the Supreme Court's statement in *Frazier* that pecuniary damages suffered as

the result of physical injury are "injuries to the person" and in contradiction to the Court of Appeals' holding in *Dalrymple* that monetary damages suffered as the result of an injury to the person are not injuries to a property right. Significantly *Robinson* does not cite *Frazier* or *Dalrymple* but merely offers the Code section as authority for its holding.

In *Davis v. Patrick,* 128 Ga. App. 677 (197 SE2d 743) it was held, again without mention of *Frazier* or *Dalrymple,* that a claim for loss of earnings and/or earning capacity was for damage done to property and not for injury to the person and that the four-year statute of limitation applied. Thus *Davis* had the following results: (1) With regard to lost wages or earnings, it stands with *Robinson* and is thus in apparent conflict with the *Frazier-Dalrymple* line of decisions; and (2) with regard to lost earning capacity it is in apparent conflict with *Frazier* and in express conflict with *Dalrymple.*

There is thus a conflict, either express or apparent, in the cases on the statute of limitation applicable to a claim for lost wages and lost earning capacity.

Were we able to settle the conflict strictly by resort to the rule of stare decisis, the oldest unoverruled decision, in this case *Dalrymple* would be followed and we would affirm this case, holding that the claims for lost wages and lost earning capacity were for injuries to the person and barred by a two-year limitation. See *Boston Ins. Co. v. Barnes,* 120 Ga. App. 585, 590 (171 SE2d 626); *Dixon v. Phillips,* 135 Ga. App. 161, 163 (217 SE2d 331). We agree, however, with the Supreme Court that stare decisis is a valid and compelling basis of argument but that it is not a talisman before which justice must give way. *Hall v. Hopper,* 234 Ga. 625, 631 (216 SE2d 839). See also *Jarrett v. Parker,* 135 Ga. App. 195, 197 (217 SE2d 337). We are also mindful that this court is bound by the decisions of the Supreme Court. Thus we are required to analyze the *Dalrymple, Robinson* and *Davis* decisions with the precedents of the Supreme Court and with the concept of justice as our polestars.

1. We turn now to the issue of the applicable statute of limitation for a claim for lost earning capacity. It is probable that no element of damages has caused more

confusion than recovery for "lost earning capacity"; perhaps this stems from the similar sounding "diminished capacity to labor," which is an element of pain and suffering recoverable by one who is physically injured. Recovery for "lost earning capacity" is, however, a *separate* element of damages recovery of which *physical injury* to the plaintiff resulting in a permanent or total *physical* disability is the essential element. *McDonald v. Southern R. Co.,* 24 Ga. App. 608 (2) (101 SE 714). Damages allowed to a plaintiff for injury to his earning capacity are compensatory, allowing a pecuniary recovery for a diminution in the *physical ability* to work resulting from an injury to the person of the plaintiff. *Atlantic C. L. R. Co. v. Ansley,* 84 Ga. App. 89 (65 SE2d 463). The confusion as to the applicable statute of limitation stems, we believe, from the fact that recovery for "lost earning capacity" is an item of special damages which requires some evidence upon which a jury can base with reasonable certainty a finding as to *amount* of such damages. *City of Atlanta v. Feeney,* 42 Ga. App. 135 (3) (155 SE 370). This evidence as to the *measure* of such damage includes earnings before and after the injury. *City Council of Augusta v. Drawdy,* 75 Ga. App. 543, 547 (2) (43 SE2d 569). This is but another way of saying that the law does not presume damage to one's earning capacity but that there must be evidence as to the measure of such damage to be recoverable. Code § 105-2006. The gravamen of the action remains compensation for physical injury. *McDonald v. Southern R. Co.,* 24 Ga. App. 608 (2), supra; *Holt v. Ga. R. & Power Co.,* 24 Ga. App. 607 (2) (101 SE 758). The pecuniary damage which must be shown is merely proof of the measure of recovery. See *Atlantic C. L. R. Co. v. Ansley,* 84 Ga. App. 89 (1), supra. On this analysis, if allowable damages for lost earning capacity are compensatory, allowing a pecuniary recovery of a diminution in the claimant's physical ability to work, then the monetary damage which is the measure of recovery is, in the language of *Frazier,* "the consequence merely of that injury [to the person]." The fact that the plaintiff has suffered an injury to his pocketbook or his personalty as the result of an injury to his person does not "constitute an

independent cause of action." Thus the fact that the plaintiff has suffered monetary damage does not extend the statute of limitation because that damage is a "consequence merely" of the injury to his person. We therefore conclude that under *Frazier* a claim for injury to earning capacity is a claim for injury to the person and therefore reaffirm *Dalrymple* as well-reasoned and overrule *Davis v. Patrick,* insofar as it is inconsistent with our holding here; the statute of limitation for recovery of lost earning capacity is two years.

2. We turn now to the applicable statute of limitation for lost wages when arising out of a personal injury done to a plaintiff. Damages for loss of past and present wages, under *Frazier* and *Dalrymple* which we have chosen to follow in Division 1 of this opinion, would be, if awarded, recovery of monetary loss which flowed directly from an injury "done to the person" and would therefore be compensation for personal and not property damage. Consequently we hold, for reasons stated supra, that the two-year statute applies to such a recovery. With regard to loss of future earnings, this element of damages is analogous to diminished earning capacity and would be controlled by Division 1 of this opinion. *Western & A. R. Co. v. Hart,* 95 Ga. App. 810, 816 (99 SE2d 302). The *Robinson* opinion cites only the Code section in holding that recovery of lost wages is recovery of injury to personalty and *Davis* cites only the Code section and *Robinson;* the language of *Frazier* and *Dalrymple* which we have found to be controlling, is not cited. Because we find loss of wages to be damage flowing from an injury to the person, we follow *Frazier* and *Dalrymple* and reiterate that monetary loss or damage resulting from an injury to the person must be recovered within two and not four years. *Robinson* and *Davis* are hereby overruled in any inconsistent respect.

3. The plaintiff urges that the two-year statute of limitation we have found to be applicable to her suit for lost wages and lost earning capacity was tolled because the action was brought within the six-month leeway period after her original suit was dismissed for lack of jurisdiction. There was no service on the appellee-defendants prior to the running of the two-year

period and no showing of prior notice of the institution of the action or its equivalent. The statute of limitation defense is good. *Brer Rabbit Mobile Homes Sales v. Perry,* 132 Ga. App. 128 (207 SE2d 578).

4. The plaintiff urges that the motion to strike was erroneously granted because that defendant *might* have fraudulently concealed itself and thus tolled the statute of limitation. This argument is urged apparently for the first time in this court; the complaint avers no such state of facts. Code Ann. § 81A-112 (f) provides for the striking of "any redundant, immaterial, impertinent, or scandalous matter." It is true that the 12 (f) motion has been held to be an inappropriate way to procure the dismissal of all or a part of a complaint. Thompson v. United Artists Theatre Circuit, Inc., 43 FRD 197, 201; South v. United States, 40 FRD 374, 376; Cartier v. Dutton, 45 FRD 278; Magnotta v. Leonard, 102 FSupp. 593; Egan v. Pan Am World Airways, Inc., 62 FRD 710; Cash v. Frederick & Co., 57 FRD 71; Nuccio v. General Host Corp. 53 FRD 234, 238. However, the technical name given to a motion challenging a pleading is of little importance inasmuch as prejudice hardly can result from treating a motion that has been inaccurately denominated a motion to strike as a motion to dismiss all or part of a complaint. Great Northern Paper Co. v. Babcock & Wilcox Co., 46 FRD 67; Golaris v. Jewel Tea Co., 22 FRD 16; Boerstler v. American Medical Assn., 16 FRD 437, 442; Shimkus v. Nicolais, 113 FSupp. 339; Magnotta v. Leonard, 102 FSupp. 593, supra; Bernstein v. Universal Pictures, Inc., 379 FSupp. 933. That a motion to strike is in some cases analogous to a motion to dismiss apparently has been recognized in Georgia under our CPA. See *Goodwin v. First Baptist Church,* 226 Ga. 524 (175 SE2d 868). The complaint in the case sub judice reveals that the accident occurred more than two years from the filing and there is no averment therein alleging fraudulent concealment as tolling the two-year statute of limitation we have found applicable to the action. Thus since the bar of the statute of limitation appears on the face of the complaint and since a motion to strike is analogous to a motion to dismiss, the defendants properly could and did raise the issue in the trial court. *Addington*

*v. Ohio Southern Express, Inc.,* 118 Ga. App. 770, 772 (165 SE2d 658) and cits.

Nor do we believe the *Goodwin v. First Baptist Church* decision, 226 Ga. 524, supra, is in conflict with the result we reach here. All that case holds is that a motion to strike, properly considered as a motion to dismiss, does not give the opposing party notice that material outside the pleadings would be relied upon by the judge in reaching a final judgment. In other words, a motion to strike is not analogous to a motion for summary judgment. In *Goodwin* the stricken pleading was relevant to the establishment of a defense to the defendant's affirmative defense; here the plaintiff has offered no amendment to overcome the defense of statute of limitation. Neither has the plaintiff here sought to introduce affidavits to overcome the affirmative defense as she might have. Code Ann. § 81A-112 (c); see *Brer Rabbit Mobile Home Sales v. Perry,* 132 Ga. App. 128, supra. The result was that the affirmative defense of statute of limitation appeared on the face of the complaint and the trial judge on that evidence alone granted the motion to strike, in effect dismissing for failure to state a claim the prayers for recovery of damages for personal injury. This was not error. Code Ann. § 81A-101 makes it clear that the CPA shall be construed to "the just, speedy, and inexpensive determination of every action." Were we to hold that the motion to strike was improperly granted because the plaintiff *might* have a defense to the running of the statute of limitation the purpose and intent of the CPA would be frustrated. When a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible, a motion to strike the barred claims is properly granted.

*Judgment affirmed. Bell, C. J., Quillian, Clark, Stolz, Webb and Marshall, JJ., concur. Pannell, P. J., concurs in the judgment only. Evans, J., dissents.*

ON MOTION FOR REHEARING.

DEEN, Presiding Judge.

When our original opinion in this case was delivered in February of 1976, it had been researched and developed

without the benefit of Federal District Judge Owens' opinion in Sharpe v. Seaboard C. L. R. Co., affirmed March 10, 1976, 528 F2d 546. In remarkably similar analyses and totally independent of one another, the federal and state courts have reached the same conclusion—that the statute of limitation in Georgia for lost wages and lost earning capacity is two years. Such unanimity between state and federal courts being rare under the best of circumstances, we are compelled to note our amazement that it was reached on this issue independently.

*Motion for rehearing denied.*

EVANS, Judge, dissenting.

When this case was first before this court, I concurred in the judgment only. Upon motion for rehearing, I am voting for said motion and I am dissenting from the majority opinion.

The question involved here is whether the 4-year limitation or 2-year limitation applies to certain items sued for including *medical* expenses, etc. and lost wages.

I had overlooked a full-bench decision holding that such items are controlled, not by the 2-year limitation, but by the 4-year limitation. See *Pinkerton &c. Agency v. Stevens,* 108 Ga. App. 159 (132 SE2d 119). In the cited case all nine judges voted for the decision and for the opinion. It is older than any of the cases relied on by the majority opinion, and must be followed under the rule of stare decisis, until it is overruled by a full bench of nine judges. See Code Ann. § 24-3501; *Basil v. State,* 22 Ga. App. 765 (1b) (97 SE 259); *Humthlett v. Reeves,* 211 Ga. 210, at 216 (85 SE2d 25).

I do not overlook the wild and woolly decision of the Supreme Court in *Hall v. Hopper,* 234 Ga. 625, 631 (216 SE2d 839), wherein stare decisis and "oldest full-bench decision" are given rough treatment, and it is held that "the justice of the case" must control. If we apply *Hall v. Hopper* to this case (Heaven forbid!), then the "justice of this case" would still demand that the 4-year statute of limitation be applied in this case.

Therefore, I vote to reverse the lower court, and

respectfully dissent from the majority opinion.