63361, 63362. ROSSER v. ATLANTA COCA-COLA BOTTLING COMPANY; and vice versa.

BIRDSONG, Judge.
Automobile Accident — Deposition Testimony. Luther Rosser owned and operated an auto repair shop in Atlanta. In March 1979 while enroute to his place of business, Rosser stopped his automobile in the middle lane of a four-lane road, preparatory to making a left turn across the two approaching lanes of traffic into his place of business. There was heavy morning traffic which required Rosser to sit in the middle lane for a brief time waiting for the approaching traffic to clear. While Rosser was stopped, a soft drink truck marked with the Coca-Cola logo and loaded with Coca-Cola products struck Rosser's vehicle in the rear. Over the next several months Rosser suffered from back and leg pain and from a wrenched foot or ankle. He also complained of being unable to work at his past level of production and suffered a loss of earnings and earning power. Rosser filed a complaint against Atlanta Coca-Cola Bottling Company seeking reimbursement for his non-economic losses including medical expenses as well as punitive and general damages. The trial court refused to submit the issue of punitive damages to the jury. The jury returned a verdict for Rosser in the amount of $15,000, reduced by agreement by the amount of economic losses already paid to a verdict of just over $10,000. Rosser seeks review of the verdict and judgment, complaining that the trial court erred in not instructing on the issue of punitive damages; by not submitting to the jury the issue of loss of earnings, loss of earning capacity and diminution of earning capacity because of loss of ability to perform tasks of manual labor. Cross-appellant, Coca-Cola Bottling Co., seeks reversal on the ground that the trial court allowed the plaintiff Rosser to reopen his

case after he had rested to answer a motion made by Coca-Cola for directed verdict for failure to prove agency and ownership of the truck in Coca-Cola as well as allowing Rosser to introduce such evidence by way of deposition without first showing the non-availability of the deposed witness. *Held:*

1. As to the main appeal, we find no error by the trial court in its charge to the jury. Rosser primarily bases his contention that the trial court should have charged upon the theory of punitive damages on the ground the truck driver (Rooks) entered a plea of guilty in traffic court to a charge of following too closely, causing an accident. However, it is clear that in order to justify an award of punitive damages, there must be evidence that the offending driver evinced an entire want of care and conscious indifference to consequences. *Gordon v. Ogden,* 154 Ga. App. 641 (1) (269 SE2d 499). In this case, the evidence showed no knowledge by Rosser as to how the accident occurred and some evidence that the truck driver while looking into the morning sun simply did not see Rosser's car in time to stop. Such facts do not support a conclusion that Rooks evinced intentionally oppressive or grossly indifferent conduct. In the absence of such conduct giving rise to such a state of mind or such reckless conduct, it was not error to refuse to submit the issue of punitive damages to the jury. *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000); *Bracewell v. King,* 147 Ga. App. 691, 693 (3) (250 SE2d 25); *Douglas v. Prescott,* 31 Ga. App. 684 (3) (121 SE 689).

Likewise, the trial court did not err in failing to charge on the issues of lost earnings, lost earning capacity and diminution of capacity to labor. Rosser testified that he had suffered loss of earnings; however, none of the evidence was sufficient to establish the alleged loss of earnings. He did not elaborate on the point in time when he began to take home less pay or whether that loss was sudden and complete or a gradual diminishing of loss of earnings. Moreover, there was a substantial question raised whether the business had been making any profit at all prior to the accident. The same vagueness exists as to the lost earning capacity and capacity to labor. He could work some but he did not elaborate on how his injury affected the total value of income. Loss from reduced earning capacity requires proof of the value of the diminution, not merely proof of the impairment or the incapacity to work. *Atlanta Coca-Cola Bottling Co. v. Deal,* 66 Ga. App. 211 (17 SE2d 592); *City of Atlanta v. Jolly,* 39 Ga. App. 282 (146 SE 770). Likewise, lost wages and earnings are not recoverable where the evidence does not show the amount of the loss with reasonable certainty. *Summerfield v. Decinque,* 143 Ga. App. 351 (238 SE2d 712); *Kroger Co. v. Perpall,* 105 Ga. App. 682 (125 SE2d 511). On the basis of the evidence submitted as to lost wages

and earnings, the evidence could permit the jury to no more than speculate or guess as to how much of the loss from $600 to $200 per week was caused by Rosser's injuries. We find no error in the charge of the court as to the main appeal.

2. As to the cross appeal by Coca-Cola Bottling Co., we do find substantial error. Following the evidence submitted by Rosser consisting of his own testimony plus certain medical testimony, Rosser rested. Coca-Cola then moved for a directed verdict based upon the failure of Rosser to prove that the truck involved in the accident was owned by Coca-Cola or that Rooks was driving the truck on behalf of Coca-Cola. The trial court allowed Rosser to reopen his case and present evidence by way of deposition that Rooks was driving for Coca-Cola on the morning of the accident. However, the reading from the deposition was allowed over the objection of Coca-Cola that Rooks had not been subpoenaed, that Rooks was locally available, and that the deposition testimony would be in violation of Code Ann. § 81A-132 (a) (3).

We find no fault in the trial court's ruling denying the motion for a directed verdict. Rosser testified that he talked with the driver and observed that the truck had a Coca-Cola logo. We believe this would have been sufficient to get the case to the jury on the question of agency. However, we do conclude the trial court erred in allowing the deposition testimony over the objection of the opposing party. In *Building Associates v. Crider,* 141 Ga. App. 825, 828 (6) (234 SE2d 666), this court set the standard for admission of deposition testimony which does not otherwise fall into one of the exceptions listed in Code Ann. § 81A-132. As in *Crider,* supra, Coca-Cola's objection on the ground of the failure to show the nonavailability of the witness required by Code Ann. § 81A-132 (a) (3) was timely. The transcript does not show any evidence of nonavailability, other than Coca-Cola's, which shows that Rooks was locally available and that Rooks had not been subpoenaed. Thus, there was a complete failure by Rosser to show nonavailability. The trial court apparently exercised its discretion by simply overruling the objection to reopen plaintiff's case and allowed the deposition testimony. Code Ann. § 81A-132 (a) (3) does not leave to the trial court's discretion the question of unavailability of a deponent. As a prerequisite to the use of a deposition of a witness not present, there must be a finding by the court that one of the conditions listed in the code section exists. In the absence of finding one of the conditions listed in the code, section giving rise to the admissibility of the evidence, the admission of the deposition evidence was error. *Building Associates v. Crider,* supra. This rule has been followed consistently thereafter. See *Elder v. MARTA,* 160 Ga. App. 78 (286 SE2d 315); *Stanfield v. Smith,* 152 Ga.

App. 22, 23 (5) (262 SE2d 216); *Sheffield v. Lockhart,* 151 Ga. App. 551, 552 (2) (260 SE2d 416); *Spencer v. Dupree,* 150 Ga. App. 474, 479 (6) (258 SE2d 229). We cannot say that the admission of this deposition evidence was harmless because the other evidence of agency and scope of authority was tenuous at best. Inasmuch as the admission of the testimony may well have tipped the scales in favor of Rosser, we must conclude that the erroneously admitted deposition evidence was harmful. Thus, as to the cross appeal by Coca-Cola, we will reverse.

*Judgment affirmed as to No. 63361; reversed as to No. 63362. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 5, 1982 —
REHEARING DENIED JUNE 7, 1982 IN CASE NO. 63362 —

*E. Graydon Shuford, George P. Graves,* for appellant.
*W. Seaborn Jones, B. Holland Pritchard,* for appellee.